In re Estate of Sylvester B. Buck, deceased.   Appeal of Louis J. L. Buck.

*Decedents' estates—Liquor license—Executors and administrators—Surcharge—Unexpired lease, good will and fixtures of a saloon.*

A retail liquor license is the grant of a personal privilege, and at the death of the licensee it does not pass to his representatives.  The fact that a license has been granted to sell liquor at a particular place may increase the value of the fixtures, good will and unexpired term of the lease ; and an executor who without attempting to find a purchaser for these appropriates them to his own use may be surcharged with the amount which it is proved that they would have sold for.

Argued Jan. 14, 1898.   Appeal, No. 226, Jan. T., 1897, by Louis J. L. Buck, from decree of O. C. Phila. Co., Jan. T., 1897, No. 246, dismissing exceptions to adjudication.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Exceptions to adjudication.

The auditing judge, PENROSE, filed the following adjudication.

The decedent died, as represented in the petition annexed, December 26, 1895, intestate, unmarried and without issue, father or mother, leaving two brothers, Louis J. L. Buck, (the accountant) and William T. Buck.   He was a saloonkeeper, doing business at Otis and Moyer streets, not far from Cramp's shipyard, where he had been since 1886.   He rented the property from the Fow estate at $35.00 per month, on lease from year to year.   His license was renewed in June, 1895, at which

time he paid $1,000, so that it had only run not quite seven months at the time of his death. On December 31, 1895, the accountant, intending to take out letters of administration, though his application to the register seems not to have been actually made until January 16, 1896, on which day they were granted, procured a transfer of the license to himself, individually, at the cost of $25.00. He took possession of the premises. in which the business was carried on under the unexpired term belonging to the decedent, and has since continued the business. in his own name, using the stock and fixtures, of which the decedent was the owner, charging himself simply with the appraised value, $200.

It is scarcely necessary to cite authorities to show that an administrator cannot use the assets of the estate confided to his care for his personal profit. He is a trustee for creditors and, after they have been paid, for the persons taking the estate under the intestate laws. The good will of a business is an asset: Robinett's Appeal, 36 Pa. 174, often of great value, and so also is an unexpired term; and if they are appropriated by an administrator, creditors or parties in interest may compel him to account at the highest valuation, and insist either on interest or on a proportionate part of the profits at their election; and they will not be deprived of this right by the fact that the fiduciary has chosen to mix the funds of the estate with his own moneys.

Even where the unexpired term is one which cannot be renewed without the consent of the lessor, and he refuses to renew to any one but the fiduciary, the latter, in case of renewal, will hold as trustee: Keech v. Sandford, 1 Lead. Cas. Eq. 44; Heager's Estate, 15 S. & R. 66; Johnson's Appeal, 115 Pa. 129; Fow's Estate, 3 Dist. Rep. 316. And the same principle applies with regard to a license to carry on a saloon. The license, it is true, cannot be transferred or renewed except by authority of the judges sitting for that purpose, and it is no part of the duty of an executor or administrator to obtain such transfer or renewal in order to carry on the business for the benefit of the decedent's estate; but, on the other hand, he cannot, under the principles referred to, acquire any individual benefit by reason of his connection with the estate, and hence, the renewal or transfer if obtained by him will enure to the

benefit of those to whom he stands in the relation of trustee. See Johnson's Appeal, supra. But here the accountant not only had the license, upon which there were five months to run, transferred to himself, individually—renewing it afterwards in his own name, but he appropriated to his own use the unexpired term, which he also renewed in his own name, and the good will of a business that had previously been carried on for a period of ten years; appropriating also the stock of the business and the fixtures.

The testimony of Charles R. Haig, which was uncontradicted, was that the unexpired term, good will and opportunity of getting a license without the stock of liquors—was worth from $2,000 to $2,500, but the accountant made no effort to procure a purchaser, choosing rather to appropriate the whole for himself; and as the evidence shows that in January of the present year he refused an offer of $4,000 for the license (having then a shorter time to run than when he took possession) and good will, payable in cash upon transfer of license and delivery of possession, the auditing judge is of opinion that he should be charged with the highest price so fixed by Mr. Haig, with interest at six per cent; interest, only, being charged for the reason that the evidence did not show clearly the extent of the profits.

Exceptions to the adjudication were dismissed by the court.

*Errors assigned* were in dismissing exceptions to the adjudication.

*Samuel Peltz*, for appellant, cited Grimm's App., 181 Pa. 233; Blumenthal's App., 125 Pa. 412.

*Thomas Leaming*, for appellee, cited Rumford Market Case, 1 Lead. Cas. in Eq. 53; Heager's App., 15 S. & R. 65.

OPINION BY MR. JUSTICE FELL, March 21, 1898:

The finding of the learned auditing judge that the unexpired term of the lease of the saloon and the good will of the business with the opportunity of procuring a transfer of the license were worth from $2,000 to $2,500, and that the accountant, without making an effort to procure a purchaser, appropriated them to himself, fully sustains the surcharge made. In Grimm's

Appeal, 181 Pa. 233, relied on by the appellant, the executor sold the stock and fixtures to the widow of the decedent and she secured a new lease, and on her petition the license was transferred to her. There was no evidence of collusion, nor any that a better price could have been obtained. The executor was surcharged with the amount for which the widow, after conducting the business for some months, sold the stock then on hand, the fixtures, good will and lease to a purchaser who with her consent had procured a transfer of the license to himself. It did not appear that the lease had any time to run or that the executor had not obtained the full value of what he sold. It was said in the opinion that, if the executor by the exercise of diligence could have procured a higher price for the stock and fixtures from one willing to take the chance of securing a renewal of the lease and a transfer of the license, there would have been reason for surcharging him.

A license to sell liquor is a personal privilege. It is not assignable by the holder, and at his death it does not go to his representatives. It is not an asset of his estate : Blumenthal's Petition, 125 Pa. 412. An executor or administrator could not under the law carry on the business for the benefit of the estate if he so desired : Grimm's Appeal, supra. But the fact that a license had been granted to sell liquor at a particular place may increase the value of that which the executor or administrator may have to sell. On the hearing of an application for a retail license the court considers the public necessity of the place as well as the personal fitness of the applicant, and the granting of a license is the finding that the place in its location and appointments is a suitable place for the sale of liquor. The opportunity to secure a transfer of the license and a renewal at the end of the year may materially affect the value of the fixtures, good will and unexpired term of the lease. When this is shown to be the case, and the accountant has failed in the performance of a plain duty, there is ground for surcharge.

The order of the Orphans' Court is affirmed at the cost of the appellant.