## Brady's Estate.

*Liquor law—Liquor license—Decedent's estate.*

Where the widow of a licensed saloon keeper takes out letters of administration on her husband's estate, obtains a transfer of the license to herself, refuses a large offer for it, becomes the tenant of the property in place of her deceased husband, retains the other personal property for her own use, and carries on the business as her own, she will be surcharged with a sum sufficient to pay her husband's creditors.

Argued Oct. 14, 1902. Appeal, No. 117, Jan. T., 1901, by Margaret G. Brady, administratrix c. t. a., from decree of O. C. Phila. Co., Jan. T., 1901, No. 544, dismissing exceptions to adjudication in estate of Thomas Brady, deceased. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Exceptions to adjudication.

The auditing judge, HANNA, P. J., found the facts to be as follows:

From the testimony and other evidence produced, the following facts appeared: On April 14, 1892, the testator leased the premises southeast corner of Eighth and McKean streets, to be used as a dwelling house and tavern for the term of three years,

one month and sixteen days, the first payment of rent, $40.00 per month, to be made on May 1, 1902. He entered into possession, and continued as a tenant of the premises for the full term of the lease, and thereafter under the provisions of said lease until his death, on June 15, 1898. On April 14, 1898, the lessor, desiring to obtain possession or increase the rent, notified testator to remove from and surrender possession of the premises at the expiration of the term, viz: July 16, 1898. But he did not remove from the premises and continued to occupy the same until his death on June 15, 1898, as above stated, one month prior to the expiration of his term. Although testator had carried on business for six years and two months, yet when he died he had no money on deposit in bank nor in his possession, and his entire personal estate consisted of his household furniture, fixtures of the barroom and stock of liquors on hand, amounting per inventory and appraisement to only $290.75. Although two weeks previous to his death he had obtained a renewal of his license to sell liquor at retail for one year from June 1, 1898, at a cost of $1,100.

Testator at that time, or shortly thereafter, was in failing health, and desirous of disposing of the business carried on by him. He so informed a relative, and requested him to endeavor to obtain a purchaser, at the same time stating he considered his business worth $9,000. His relative however informed him he did not think he could obtain a purchaser at that price, but believed he could obtain a purchaser at the price of $6,500. This interview occurred but a very few days before testator's death, and his fatal illness prevented any further consideration of the subject. After testator's death his widow remained in possession of the premises. Six days after her husband's death she obtained letters of administration upon his estate. This was on June 21, 1898. On the same day she was offered verbally and in writing the sum of $6,500, " for the stock, fixtures, good will, unexpired term of lease and opportunity to apply for a transfer of the license." But the offer was declined by her, although it was also agreed by the person making the offer to immediately deposit with any trust company named by her, $6,500, with authority to pay the money over to her as soon as she delivered possession of the stock, etc., and the proper court had transferred the license to him.

Accountant still remained in possession of the property and continued the business.

On June 21, 1898, the same day the letters of administration were granted to accountant, she obtained from the court a transfer of the license previously granted to her husband to herself individually. She also subsequently obtained from the lessor of the premises a withdrawal of the notice to vacate which had been given to testator and an acceptance of her as the tenant, at the same rent paid by her late husband. On July 8, 1898, she paid the rent to August 1, 1898. And from that time until the present she has occupied the property as tenant and carried on business. After accountant took out letters of administration, she made no effort to obtain a purchaser for the unexpired term, good will, fixtures and liquors, but appropriated the same to her own use. She made neither a public nor private sale.

Upon proceedings before the register instituted by creditors, the accountant was afterwards obliged to enter additional security as administratrix. This was on July 11, 1898.

On July 21, 1898, the accountant filed an inventory and appraisement of the personal estate of testator, which comprised the household goods, fixtures of barroom and liquors appraised at $290.75, and also a proportion of the license fee paid by testator for one year from June 1, 1898, viz : from June 15, 1898, the date of his death, to June 1, 1899, or eleven and one half months, or $1,054.20, in all $1,344.95.

The accountant still converted to her own use the entire personal property, not even claiming her exemption of $300, as widow, and retaining the household goods and other personalty, in accordance with the act of assembly.

About August 1, 1898, a testamentary paper was discovered, evidently written by testator, dated February 11, 1897, signed by him, and bequeathing all his estate to his wife.

On August 11, 1898, this was admitted to probate, the letters of administration granted to accountant revoked, and letters of administration c. t. a. were granted to her.

No new inventory and appraisement was filed by accountant. She still retained all the personal property in her possession and continued to carry on the business under the license transferred to her, and as tenant of the premises.

400                                   BRADY'S ESTATE.

Statement of Facts—Opinion of the Court. [21 Pa. Superior Ct.

It further appeared that testator at the date of his death was largely insolvent, not only being indebted to creditors for liquors, etc., sold to him but to his wife for money loaned, and did not leave sufficient money for the payment of his funeral expenses, cost of cemetery lot, etc.

The auditing judge surcharged the accountant with an amount sufficient to pay the debts of the decedent.

Exceptions to the adjudication were dismissed by the court.

*Errors assigned* were dismissing exceptions to adjudication.

*M. J. O'Callaghan*, for appellant, cited: Grimm's Est. 181 Pa. 233 ; Buck's Est., 185 Pa. 57 ; Immendorf's Est., 190 Pa. 590.

*Thomas Leaming*, for appellee, cited: Blumenthal's Petition, 125 Pa. 412 ; Mueller's Est., 190 Pa. 601.

PER CURIAM, November 19, 1902:

Upon the exceptions of creditors of the estate of the decedent, the administratrix was surcharged the sum of $1,032.75, an amount sufficient to pay the debts of the decedent. The auditing judge in the court below found, as facts and conclusions of law, that " the administratrix on the same day letters of administration were granted to her obtained a transfer of the license to herself, refused the offer of $6,500, soon thereafter, became the tenant of the property in place of her deceased husband, retained the other personal property for her own use, carried on the business as her own from that time until the present, and now in effect says that all she is in law or equity bound to pay therefor to the creditors of her deceased husband is the proportion of the license fee and the appraised value of his household goods, bar fixtures and liquors on hand ; but, in view of the facts, the contrary seems to be well settled : Buck's Estate, 185 Pa. 57 ; Mueller's Estate, 190 Pa. 601. See also In Re Becker, 98 Fed. Repr. 407. The present case is readily distinguishable from Malton's Estate in this court, not reported. There the testator was owner of the real estate where he carried on his saloon and devised the same to his wife for life. There was no lease and, of course, the license expired with the death of the owner."

" The auditing judge has reached the conclusion that the administratrix should be surcharged with a sum sufficient to pay the creditors. She being a creditor and sole legatee, it is unnecessary to charge her with any additional amount, as it would simply be awarded to her in her own right."

Accepting the findings of fact as made by the court below, we are satisfied with the conclusions of law drawn therefrom. Without considering the specifications of error in detail, we are satisfied that no error was committed in the court below.

Decree affirmed.