In re OLEWINE.

(District Court, M. D. Pennsylvania. November 12, 1903.)

No. 343.

1. BANKRUPTCY—ASSETS—EXEMPTION—LIQUOR LICENSE.
    A liquor license, though transferable only with the approval of the court of quarter sessions which granted it, and not subject to seizure on execution, is not only part of the bankrupt's assets, but may be claimed by him as part of his exemption.

In Bankruptcy. Exceptions to report of referee disallowing exemption.

W. C. Sheely, for bankrupt.
Donald P. McPherson, for creditors.

ARCHBALD, District Judge. A liquor license in Pennsylvania, being transferable only with the approval of the court of quarter sessions which granted it, is held to be a privilege so purely personal that it does not pass on the death of the licensee to his legal representative as an asset of his estate (Grimm's Estate, 181 Pa. 233, 37 Atl. 403), although there may be, under certain circumstances, a qualified responsibility for it (Buck's Estate, 185 Pa. 57, 39 Atl. 821, 64 Am. St. Rep. 816; Mueller's Estate, 190 Pa. 601, 42 Atl. 1021); nor will a contract for the sale of it be specifically enforced (Cronin v. Sharp, 16 Pa. Super. Ct. 76). It was nevertheless decided in Re Becker, 3 Am. Bankr. R. 412, 98 Fed. 407, that, having a recognized transfer-

¶ 1. Franchises and licenses as assets in bankruptcy, see note to Fisher v. Cushman, 43 C. C. A. 389.

able value, it goes to the trustee in bankruptcy, to be disposed of by him for the benefit of creditors; and a similar ruling was made with regard to such licenses in Massachusetts. In re Brodbine, 2 Am. Bankr. R. 53, 93 Fed. 643; Fisher v. Cushman, 4 Am. Bankr. R. 646, 103 Fed. 860. It is in this respect like a seat in a stock exchange (Hyde v. Woods, 94 U. S. 523, 24 L. Ed. 264; Sparhawk v. Yerkes, 142 U. S. 12, 12 Sup. Ct. 104, 35 L. Ed. 915; Page v. Edmunds, 9 Am. Bankr. R. 277, 23 Sup. Ct. 200, 47 L. Ed. 318), a stall in a market (In re Gallagher, 16 Blatchf. 410, Fed. Cas. No. 5,192; In re Emrich, 4 Am. Bankr. R. 89, 101 Fed. 231), or a salable office (Ex parte Butler, 1 Atk. 210); all of which have been held to be a part of the bankrupt's estate, and to pass to the trustee. But, if a license so far possesses the character of property as to be available in this way for the benefit of creditors, it is difficult to see why it cannot be claimed by the bankrupt as part of the exemption allowed by the state law. The ground on which this right was denied in Re Myers, 4 Am. Bankr. R. 536, 102 Fed. 869, seems to be that, as the exemption is only allowed on execution or distress for rent, and with respect to property liable thereto, it cannot be made to cover a license which is not capable of being so seized. But, carried to its legitimate result, this would exclude the bankrupt from his exemption altogether, proceedings in bankruptcy not being an execution; and if, on the other hand, it be assumed that they are such in effect, as in some respects is true (Longstreth v. Pennock, 20 Wall. 575, 22 L. Ed. 451; In re Hoover [D. C.] 113 Fed. 136), if competent to reach and appropriate the license of the bankrupt, as they are, he ought by the same logic to be able to claim and retain it on his part by virtue of his exemption, having been so seized. Indeed, considering the character of the license, it would seem to be peculiarly fitting that he should be allowed to keep that which has been granted to him by the quarter sessions as a personal privilege, rather than that it should be turned over by the trustee to a stranger, subject to the uncertainty of approval by that court.

The exceptions are sustained, the report of the referee is set aside, and it is ordered that the bankrupt be allowed to retain his license under his exemption.