# Moran's Estate.

*Decedents' estates—Executors and administrators—Surcharge— Liquor business—Continuation of business—Losses—Advance payments—Rents.*

1. Where the personal representative of a decedent engaged in the sale of liquor continues the decedent's liquor business after his death without obtaining a transfer of the license, the continued sale of liquor is a violation of the law by which no legal or equitable claim to reimbursement is acquired if loss results therefrom.

2. Where a will gives no authority to continue the testator's business, the executor or administrator may not, as a general rule, properly do so; when he does so, the gain, if any, belongs to the estate, while the loss falls upon him.

3. Where the personal representative of a decedent engaged in the liquor business continued her decedent's liquor business after his death without obtaining a transfer of the license for a period of almost nine months, and incurred a net loss of $1,060.79, a claim for credit in her account for the amount of such loss was properly refused.

4. In such case, it was error to surcharge the accountant, in addition to the amount of such loss, with certain expenses which she

had incurred in the sale of eatables, amounting to $1,665.65, where it appeared that the estate was credited with the amount received from the sale of such eatables.

5. An administrator has no right to make advance payments to certain general creditors in full to the exclusion of others; and in so doing takes the risk of the solvency of the estate.

6. Where in such case before the account was filed, the administratrix expended over $3,000 in paying in full certain creditors of the estate, while she had paid nothing to other creditors of equal rank, and the fund was not sufficient to pay all creditors in full, the court properly surcharged her with the amount of such payments without prejudice to her right to take the place of creditors so paid and pro rate with those unpaid in the fund for distribution.

7. A charge for rent received by an administratrix from real estate and a credit for expenditures thereon are properly stricken from her account, as real estate has no proper place in an administration account except as authorized by the will or where sold for payment of debts.

Argued Feb. 25, 1918. Appeal, No. 356, Jan. T., 1917, by Thomas P. Duffy, Executor of Daisy M. Moran, Administratrix, from decree of O. C. Lackawanna Co., 1913, No. 326, dismissing exceptions to adjudication in Estate of Patrick F. Moran, deceased. Before Brown, C. J., Potter, Stewart, Moschzisker and Walling, JJ. Modified and affirmed.

Exceptions to adjudication. Before Sando, P. J.
The opinion of the Supreme Court states the facts.
The court dismissed the exceptions. Thomas P. Duffy, executor of Daisy M. Moran, administratrix, appealed.

*Error assigned* was in dismissing the exceptions.

*Thomas P. Duffy*, with him *Joseph F. Gilroy*, for appellant.—In continuing the business, the accountant acted in good faith and for the best interest of the estate and creditors. They are therefore not in a position to say that the administratrix violated the law in continuing the sale of liquor without a license after her hus-

band's death: Aschenbach v. Carey, 224 Pa. 303; Greiner's Est., 14 District Report 348.

The administratrix should not have been surcharged with the expenses of continuing the business of selling food where she had already been surcharged with the loss of continuing the business.

*William J. Fitzgerald,* with him *Charles P. O'Malley,* of *Knapp, O'Malley, Hill & Harris,* for appellee.—It is firmly established in this State that any loss sustained by an executor in the conduct of the business must be the executor's personal loss: Allam's Est., 199 Pa. 573.

OPINION BY MR. JUSTICE WALLING, May 6, 1918:

This is an appeal on behalf of accountant from an adjudication on exceptions to an administration account. Patrick F. Moran died testate on April 13, 1913, leaving a widow, Daisy M. Moran, but no children. Letters of administration, with the will annexed, were granted to the widow, who took charge of the estate. Mr. Moran conducted a licensed hotel in Scranton, his license and lease of the hotel building expiring April, 1914. The administratrix conducted the place as if a licensed hotel, until she sold the property, which included the furniture, fixtures and stock of liquors, to an owner of the building at private sale in January, 1914, for $2,000. The property so sold was appraised at $3,026.25; but, owing to the approaching expiration of the lease, it was unsalable to an outside customer. So far as appears, the sale was for the best interest of the estate; and the accountant claims credit for $1,026.25, as a loss on the sale of that property, which was allowed by the Orphans' Court; the correctness thereof is not before us as the appeal is on behalf of the accountant only. Probably by mistake, such credit is stated in the adjudication as $756.25, instead of the correct amount; the error assigned as to that is sustained and the credit is allowed at the full amount of $1,026.25.

In the conduct of the hotel, Mrs. Moran expended $9,-786.79 and received $8,726, sustaining a net loss of $1,-060.79, for which she claims credit in the account. This was properly disallowed. The will gives no authority to continue the business, and as a general rule in such case the executor or administrator may not properly do so; when he does, the gain, if any, belongs to the estate, while the loss falls upon him: Allam's Est., 199 Pa. 573, 583. It was Mrs. Moran's duty to make disposition of the property for the best price obtainable. There was no transfer of the license, and the continued sale of liquor there was a violation of law, by which she acquired no legal or equitable claim to reimbursement. See Grimm's Est., 181 Pa. 233; Buck's Est., 185 Pa. 57. She kept a daily account of the expenditures for eatables, amounting in all to $1,665.65, for which she claims credit; this is disallowed in the adjudication. It should be allowed. The estate is credited with the amount received for meals and lunches, and therefore should be charged with the expense of keeping up that branch of the business. To so hold saves the estate harmless without injustice to accountant. The rule requires an executor, who unsuccessfully continues testator's business without authority, to stand the loss; while the effect of the adjudication in this case is that, in addition to the loss, accountant must pay the estate $1,665.65. The error assigned as to that is sustained and the credit allowed.

This is a partial account, and before it was filed the administratrix had expended $3,965.22 by paying in full certain creditors of the estate, while she had paid nothing to other creditors of equal rank. As the fund was not sufficient to pay all the creditors in full, the court below properly surcharged her with that amount, without prejudice; that is, she takes the place of the creditors so paid and pro rates with those unpaid in the fund for distribution. In the end accountant will lose nothing thereby should the estate prove solvent. An administrator has no right to make advance payment to certain

general creditors in full to the exclusion of others, and in doing so takes the risk of the solvency of the estate.

In the account as filed the administratrix was charged with $600 rent received by her from real estate and credited with $268.13 expended thereon. As we gather from the record, the court below struck out this debit and credit, and rightly so, as real estate has no proper place in an administration account, except as authorized by will or when sold for payment of debts. See Fross's App., 105 Pa. 258.

The administrator is charged in the account with the $3,026.25, as the inventory value of the personal property in the hotel, and also with the $2,000 received from its sale; and is credited with the $1,026.25 for the loss; apparently making a double charge against accountant of the $2,000. However, this question is not raised nor do we decide it; but, as the matter appears on the face of the record, if an error, possibly it can be corrected by bill of review. The account was filed April 8, 1914; Mrs. Moran died four days thereafter and this appeal is by her executor.

The decree of the Orphans' Court, as modified by this opinion, is affirmed at the cost of the Patrick F. Moran estate.