## Tschopp's Estate.

*Decedent's estate—Disposal of assets—Method of sale—Liquor
license—Rent as a preferred claim.*

1. The privilege to apply for a license to sell liquor, or for the
transfer of such license, is not property of the decedent, which
could be distrained by a landlord or reached by execution process.
Such privilege might affect the value of the furniture, good will and
fixtures of the hotel, but cannot be regarded as a tangible asset of
the estate.

2. Where an execution has been levied on personal estate of a
decedent, prior to his death, and the administratrix has entered
into an agreement with the execution creditor, to sell all of the
property levied on, together with all other assets of the estate, in
which is included the privilege of applying for license, the fund
realized is not liable for a preferred claim of a landlord for rent.

Argued Oct. 22, 1918. Appeal, No. 43, Oct. T., 1918,
by Philadelphia County Real Estate Co., from decree of
O. C. Philadelphia Co., April T., 1916, No. 50, dismissing
exceptions to adjudication sur account of Jacobine E.
Tschopp, Administratrix of the estate of Edward
Tschopp, deceased. Before ORLADY, P. J., PORTER, HEN-
DERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.
Affirmed.

Exceptions to adjudication. Before LAMORELLE, J.
The facts appear in the opinion of the Superior Court.

*Error assigned* was in overruling exceptions to adjudi-
cation.

*Wm. M. Stewart, Jr.,* and with him *Boyd Lee Spahr,*
for appellant, cited: Aschenbach v. Carey, 224 Pa. 310;
Buck's Est., 185 Pa. 57; Mueller's Est., 190 Pa. 601;
Græser's Est., 230 Pa. 145.

*Julius C. Levi,* and with him *David Mandel, Jr.,* for
appellee, cited: Blumenthal's Petition, 125 Pa. 412;

Grimm's Est., 181 Pa. 233; Immendorf's Est., 190 Pa. 590; Umholts's License, 9 Pa. Superior Ct. 450; Wolongevicz v. Stegmaier Brewing Co., 60 Pa. Superior Ct. 352; Cronin v. Sharpe, 16 Pa. Superior Ct. 76.

OPINION BY HENDERSON, J., April 21, 1919:

The decedent had been engaged in the hotel business in Philadelphia. All of his personal estate had been levied on by the sheriff on an execution in favor of the H. L. Witte Brewing Company. The property seized consisted of furniture, fixtures and other chattels on the premises, Nos. 111 and 113 South Tenth street. The administrator and the execution creditor considering it to be for the interest of the estate to sell the property at public auction entered into an agreement that all the property of the decedent levied on by the sheriff prior to the death of the defendant, together with the other assets of his estate, should be sold by Freeman & Co., auctioneers, and that there should be paid out of the proceeds of the sale forty per cent. thereof to the brewing company subject to the approval by the Orphans' Court of the account of the administrator. While it is not so expressed in the agreement, the record shows that the understanding was it applied to the good will and privilege of applying to the Court of Quarter Sessions for a new license, together with the privilege of applying for a transfer of the license for the unexpired period for which a license had been granted to Tschopp. The account of the administrator is not printed by the appellant, nor is the distribution as awarded by the Orphans' Court. We gather from the opinion, however, that the sum of $1,144.50 which the auditing judge took into consideration was the amount realized at the public sale for the privilege of applying for a transfer of the license which had about forty days to run, and for the privilege of renewal and good will. This fund was distributed in accordance with the agreement entered into with the execution creditor. The appellant's claim is for rent of

the premises. The auditing judge and the Orphans' Court held that the appellant was not entitled as a preferred creditor to distribution from this fund on the ground that it was not assets of the estate of the decedent and therefore not subject to the provisions of the Act of February 24, 1834, giving a preference to landlords. It is very clear that the privilege of applying for a license to sell liquor, or for the transfer of such a license was not property of the decedent which could have been distrained by the landlord, nor could it have been reached by execution process. Such an opportunity might affect the value of the furniture, fixtures and good will of the hotel, but could not be regarded as tangible assets of the estate: Bucks' Est., 185 Pa. 57; Aschenback v. Carey, 224 Pa. 303.

It was doubtless because of the effect on the value of the personal property in the hotel that the arrangement was entered into to dispose of the privilege of renewal of the license. The price would probably be thereby increased to the advantage of the estate, but it does not at all follow that because the personal property would be enhanced in value that the privilege of a transfer or of a new license is an asset of the estate and therefore a subject out of which the landlord could claim rent. It was held in Bucks' Est., supra, and Mueller's Est., 190 Pa. 601, that an executor or administrator cannot acquire personal benefit from a transfer of a license made by the Court of Quarter Sessions, but nothing of the kind was done in the case before us. The administrator was acting in the interest of the creditors and obtained no individual advantage under the plan adopted for the sale of the personal estate. We are of the opinion that the appellant has not shown that the accountant had assets of the estate in her hands from the source referred to to which the landlord was entitled. The decree of the Orphans' Court is affirmed at the cost of the appellant.