**In re LORIMAL, INC., Debtor.**

**John P. JUDGE Trustee, Plaintiff,**

**v.**

**Girard BANK and Louis Slater, Defendants.**

**Bankruptcy No. 81–05297K.**

**Adv. No. 82–1305K.**

United States Bankruptcy Court, E. D. Pennsylvania.

Oct. 5, 1982.

Marvin A. Goldberg, Philadelphia, Pa., for debtor.

Faith Greenfield, Philadelphia, Pa., for Girard Bank.

John Judge, Philadelphia, Pa., plaintiff/trustee.

Nathan Feinstein, Philip A. Gasteier, Philadelphia, Pa., for Louis Slater.

Edward J. DiDonato, Philadelphia, Pa., for plaintiff/trustee.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

The issue before the Court is whether a lien arising from a landlord's distraint or a lien arising from an Article 9 security interest has priority against the proceeds of the sale of a liquor license. The Interim Trustee John P. Judge, filed the instant complaint to sell the debtor's liquor license free and clear of liens. The defendants, Louis Slater t/a Rising Sun Plaza Associates, and Girard Bank, both claimed a first lien position in the liquor license. At the trial, all parties agreed that the sale should go forward and the liens be relegated to the proceeds of the sale. The Trustee was directed to hold the proceeds in escrow pending a determination by this Court as to the validity and amount of the liens. The Court finds that Louis Slater is not entitled to a lien on these proceeds and that Girard Bank is entitled to first lien status.[1]

Trial on this matter was held on July 6, 1982. Both defendants asserted a first lien position on this license. In order not to lose the buyer, during what may have been lengthy litigation, the Court directed the Trustee to proceed with the sale as scheduled. The parties agreed to have their liens, as they would be determined by the Court, to attach to the proceeds. The hearing went forward, evidence was taken in full and both Girard Bank and Louis Slater submitted briefs on the lien priority issue.

Girard Bank asserted a security interest in this license pursuant to the terms of a security agreement dated September 10, 1979. This security interest was duly perfected according to the provisions of Article 9 of the Uniform Commercial Code. 12A Pa.Stat.Ann. § 9–101 *et seq.* (Purdon)

Louis Slater, however, asserted a superior lien position. Slater, the landlord of the debtor, asserted that he had obtained a valid lien of distraint upon all the personal property of the debtor. This lien of distraint was alleged to be superior to that of the secured creditor.

Girard challenged the validity of this distraint. The Court, however, finds that distraint was properly made under the Landlord and Tenant Act of 1951. 68 Pa. Stat.Ann. § 250.302 (Purdon).[2]

---

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. This section provides that:

   Personal property located upon premises occupied by a tenant shall, unless exempted by article four of this act, be subject to distress for any rent reserved and due. Such distress may be made by the landlord or by his agent duly authorized thereto in writing. Such distress may be made on any day, except Sunday, between the hours of seven ante meridian and seven post meridian and not at any other time, except where the tenant through his act prevents the execution of the warrant during such hours.

   Notice in writing of such distress, stating the cause of such taking, specifying the date of levy and the personal property distrained sufficiently to inform the tenant or owner what personal property is distrained and the amount of rent in arrears, shall be given, within five days after making the distress, to the tenant and any other owner known to the landlord, personally, or by mailing the same

Although no evidence was introduced which showed compliance with the procedural requisites of the Landlord and Tenant Act, the defendant, Slater, introduced a certified copy of a stipulation and order, entered in the Court of Common Pleas of Philadelphia County, in which the debtor acknowledged the validity of the distraint.

■ The Court finds that the landlord has a valid lien for distress of rent on the personal property of the debtor. Such a lien, however, cannot attach to the property in question. It is long-standing authority in this state that a landlord's distraint does not attach to a liquor license. The Supreme Court of Pennsylvania has stated:

> It is very clear that the privilege of applying for a license to sell liquor, or for the transfer of such a license was not property of the decedent which could have been distrained by the landlord, nor could it have been reached by the execution process.

*In re Tschopp's Estate,* 71 Pa.Super. 434 (1919). Accord, *In re Myers,* 102 F. 869 (E.D.Pa.1900).

■ These cases, furthermore, provided that a liquor license was not subject to execution by any creditor. At that time, a license was held to be an intangible right. Levy and execution could only reach tangible property. *Tschopp, supra; In re Buck's Estate,* 185 Pa. 57, 39 A. 821 (1898). Article 9 of the Uniform Commercial Code, however, modified the law in this respect.[3]

Pursuant to § 9–102(a), the U.C.C. provided that general intangibles could be subject to security interests.[4] The Court finds that the definition of "general intangibles" would include a privilege such as a liquor license.[5]

■ This Court has held that an Article 9 security interest may attach to a liquor license. *In re Branding Iron,* 7 B.R. 729 (Bkrtcy.E.D.Pa.1980). Slater, however, attacked the correctness of the Opinion in the *Branding Iron* case on the basis of a recent Commonwealth Court decision. The thrust of this argument was to show that the security interest of Girard Bank could not attach to the license. The case in question, *1412 Spruce, Inc. v. P.L.C.B.,* No. 2438 C.D. 1981 only concerned a preliminary injunction. The Commonwealth Court only granted a stay of the execution on a liquor license. No final decision on the merits was reached. On this basis, we will follow our ruling in the *Branding Iron* case. The Court, therefore, finds that attack of Slater on the validity of the security interest held by Girard Bank must fail.

■ Defendant Slater, nevertheless, argues that his lien of distraint is superior to the lien of Girard Bank. Under the reasoning of the pre-U.C.C. cases, it is clear that no creditor could obtain a lien on a liquor license. *Tschopp, supra; Buck, supra; Myers, supra.* The Landlord and Tenant Act of 1951, however, was passed since the

---

to the tenant or any other owner of the premises, or by posting the same conspicuously on the premises charged with the rent.

A landlord or such agent may also, in the manner above provided, distrain personal property located on the premises but only that belonging to the tenant, for arrears of rent due on any lease which has ended and terminated, if such distress is made during the continuance of the landlord's title or interest in the property.

3. Article 9, Uniform Commercial Code—Secured Transactions, 1953, April 6, P.L. 3, § 9 101 *et seq.* eff. July 1, 1954.

4. Section 9–102 provides, in pertinent part, that (1) Except as otherwise provided in Section 9–103 on multiple state transactions and in

Section 9–104 on excluded transactions, this Article applies so far as concerns any personal property and fixtures within the jurisdiction of this State

(a) to any transaction (regardless of its form) which is intended to create a security interest in personal property or fixtures including goods, documents, instruments, *general intangibles,* chattel paper, accounts or contract rights.... (emphasis added).

5. The U.C.C. defines "general intangibles" as: any personal property (including things in action) other than goods, accounts, contract rights, chattel paper documents and instruments.

time of these rulings.[6] The enactment of this legislation did not modify these previous rulings.

█ Pursuant to the Landlord and Tenant Act, a landlord may distrain ... "[P]ersonal property located upon the premises occupied by a tenant...." 68 Pa.Stat.Ann. § 250.302 (Purdon). "Personal property" is defined by the Landlord and Tenant Act as:

> goods and chattels, including fixtures and buildings erected by the tenant and which he has the right to remove, agricultural crops, whether harvested or growing, and livestock and poultry.

68 Pa.Stat.Ann. § 250.102(4) (Purdon). A landlord, therefore, may only obtain a lien on "goods and chattels". The section obviously only applies to tangible personal property. This Act contains no provision which subjects a general intangible, such as a liquor license, to a lien for distress of rent. *Harman Electric Co. v. First Real Estate Investment Co.,* 55 F.R.D. 195 (W.D.Pa. 1972) at p. 201.

For these reasons, the Court holds that Girard Bank is entitled to a lien upon the proceeds of the sale. In regard to the defendant Louis Slater, however, the Court finds that he does not have secured status in the license or the proceeds thereof.

An appropriate order will be entered.

---

**6.** The Landlord and Tenant Act of 1951, April 6, P.L. 69, 68 Pa.Stat.Ann. § 250.101 *et seq.* (Purdon).