## Gorgas, Admr. v. Hertz, Appellant.

*Lost deed—Parol evidence as to contents.*

The contents of a lost deed may be proved by parol in an action to recover a charge on the land created by the deed. Diehl v. Ewing, 65 Pa. 320, applied.

*Sufficiency of search—Discretion of court—Review.*

The sufficiency of the search for a lost deed is generally left to the discretion of the trial judge, and the Supreme Court will not reverse his ruling unless the proof is manifestly insufficient: Hemphill v. McClimans, 24 Pa. 367.

*Charge on land—Protection against mispayment—Practice.*

In an action by an administrator to recover money charged on land it is immaterial that plaintiff's witnesses differed in the recollection of the deed as to whether the money was payable to legal representatives or to heirs, as the defendant could be protected against a mispayment by a proper application to the court.

Argued June 1, 1892.    Appeal, No. 72, July T., 1891, by defendant, D. Rhine Hertz, from judgment of C. P. Lancaster Co., Aug. T., 1890, No. 8, on verdict for plaintiff, Jacob Gorgas, admr. of Elizabeth Muckle, deceased.    Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

Assumpsit for unpaid purchase money charged on land.

On the trial, before PATTERSON, J., there was evidence to the effect that about April 1, 1868, Elizabeth Muckle sold to Elizabeth Norton a house and lot for $900, of which $450 was to remain charged on the land during the grantor's life. In 1879 the property was sold by the sheriff and was bought by the defendant. Notice of the lien was given at the sheriff's sale. Mrs. Muckle died April 8, 1889, and plaintiff administered, and brought this suit. Plaintiff testified in substance that he heard the deed read by the justice who took the acknowledgment, that he had since searched for the deed, inquired of the sheriff, examined the public offices, looked among the papers of Mrs. Muckle and Mrs. Norton, had a few other persons make search, but never found it. Plaintiff then, under objection and exceptions, testified as to its contents. [1]

Norton, called by plaintiff, testified that the last time he

saw the deed and had it to read it was in the Spring of 1880. At that time he put it away in his mother's desk. He was not asked if he had searched for it or if he knew where it was, but on cross-examination he testified that he told plaintiff three or four times after Mrs. Muckle's death that he did not have the deed. This witness also testified, under objection and exception, as to the contents of the deed. [2]

The evidence as to the contents of the deed varied somewhat, plaintiff testifying that the principal was, at Mrs. Muckle's death, to be paid to her legal representatives. Norton testified that it was to be paid to her legal heirs or assigns, or words to that effect.

The court charged as follows, *inter alia :*

" Therefore, in this case, the jury must be satisfied, from the evidence, that there was such a deed as the evidence furnished by the plaintiff shows, such a deed for that one acre and six perches, conveyed from Elizabeth Muckle to Elizabeth Norton —that property, for the purchase money of nine hundred dollars, upon which one half of the said purchase money was charged in the deed, namely : four hundred and fifty dollars, and for which the vendee, that is Mrs. Norton, was to pay five per cent interest yearly during Mrs. Muckle's lifetime, and at her death to pay the principal, the four hundred and fifty dollars, to her representatives or heirs. If you find and determine from the evidence that which we have just stated to have been the case, then if you find that deed was delivered to the vendee, Mrs. Norton, and that notice was given at the sheriff's sale of the lien on this property, of this charge of four hundred and fifty dollars, when the defendant, Dr. Hertz, bought the same, then you should find for the plaintiff." [3]

Defendant's point, refused, was as follows :

" 2. The evidence is insufficient to warrant the jury in finding for the plaintiff, and their verdict should, therefore, be in favor of the defendant." [4]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned,* were (1, 2) admission of evidence, quoting bills of exception and evidence ; (3, 4) instructions, quoting charge and point.

*J. E. Malone,* of *Steinmetz & Malone,* for appellant ; *Wm. R. Wilson,* for appellee.

PER CURIAM, July 23, 1892.

The first and second specifications allege that the court below erred in permitting the witnesses named therein to prove the contents of the deed, alleged to have been lost. It was held in Diehl v. Emig, 65 Pa. 320, that the contents of a deed, lost, destroyed or suppressed, may be established by parol evidence in ejectment, when its existence has first been proved. There was sufficient evidence of the existence of this deed to justify proof of its contents by parol. The sufficiency of the search for a lost deed is generally left to the discretion of the trial judge. When it appears that the judge, who presided at the trial of the case, was satisfied that a paper was not procured only because it could not be found after faithful search, this court will, as a general rule, accept it as an established fact. But if the proof be manifestly insufficient, the case should be reversed: Hemphill v. McClimans, 24 Pa. 367. We cannot say that the search for this deed was so manifestly insufficient as to justify us in reversing.

We do not find any error in that portion of the charge of the learned judge embraced in the third specification, nor in his answer to the defendant's second point. The fact that the plaintiff's own witnesses differed in their recollection of the deed, as to whether the money was payable after Mrs. Muckle's death to her legal representatives, or to her heirs, is immaterial. The defendant can be protected against a mispayment by a proper application to the court below.

Judgment affirmed.