Pichler, Appellant, *v.* Snavely.

Argued November 15, 1950. Before DREW, C. J., STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*Kenelm L. Shirk, Jr.,* with him *Kenelm L. Shirk, Sr.,* for appellant.

*W. Hensel Brown,* with him *W. Roger Simpson,* for appellee.

OPINION BY MR. JUSTICE BELL, March 21, 1951:

Plaintiff appeals from an order of the court below sustaining preliminary objections to his amended complaint in assumpsit in which he claimed $5,000. for damages resulting from defendant's failure to retransfer a liquor license.

Plaintiff leased his premises 253 E. Chestnut Street, Lancaster, Pa. to the defendant as a licensed premises and in and by said lease transferred to defendant a

liquor license then held by plaintiff. The lease contained the following provision: "Should Howard P. Snavely remove from the within leased premises while he had a liquor license—he agrees to transfer said liquor license to Frank Pichler". Snavely removed from said leased premises while he had a liquor license and leased the next door property and had the license transferred to himself at said place. Defendant then refused to retransfer the liquor license to plaintiff. Plaintiff claimed that the failure to transfer said liquor license damaged him to the extent of $5,000., viz, the difference between the value of his property with a liquor license and the value of his property without a liquor license.

The law is well settled that a liquor license is not a property right, but only a purely personal privilege for a specific limited time, which is subject to termination by the Liquor Control Board for cause and which, in any event, terminates with the licensee's life. A liquor license or the privilege to sell liquors for a specified time, although often very valuable, is not assignable, (as that term is generally understood) nor does it go to the personal representatives* or become an asset of the holder's estate in case of death: *Grimm's Estate,* 181 Pa. 233, 236, 37 A. 403; *Blumenthal's Petition,* 125 Pa. 412, 415, 18 A. 395; *Buck's Est.,* 185 Pa. 57, 60, 39 A. 821; *Mueller's Est.,* 190 Pa. 601, 603, 42 A. 1021; *Commonwealth v. Cochran Post No. 251,* 350 Pa. 111, 119, 38 A. 2d 250; *Spankard's Liquor*

---

* We are not unmindful that a liquor license may be transferred in accordance with and subject to the terms and provisions of the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, as amended, 47 P.S. §744-1, et seq.; and that it has been the practice of the present Liquor Control Board to transfer the liquor license of a deceased licensee to his personal representatives or wife, upon compliance with the Board's regulations.

*License Case,* 138 Pa. Superior Ct. 251, 259, 10 A. 2d 899.

Equity will grant specific performance of a contract to sell or assign a liquor license—*Cochrane v. Szpakowski,* 355 Pa. 357, 49 A. 2d 692; *Pavlick v. Zellermeyer,* 359 Pa. 278, 59 A. 2d 92; *Rekas v. Dopkavich,* 362 Pa. 292, 66 A. 2d 230; *Ritz v. Rafail,* 366 Pa. 274, 77 A. 2d 411—for the reasons hereinafter set forth. We believe the reasons why equity will act demonstrate why an action of assumpsit will not lie herein; and that the following language in the Court's opinion in *Cochrane v. Szpakowski,* 355 Pa. 357, 362, 49 A. 2d 692, applies equally to the instant case—" 'this contract involves the transfer and ownership of a retail liquor license, the value of which cannot be accurately determined in an action at law. It seems unrealistic . . . to close our eyes to the fact that under the Act of June 24, 1939, P.L. 806, the Quota Act, new retail liquor licenses cannot be issued by the Board in the City of [Philadelphia] because the number allowed by that Act is greatly exceeded by the existing licenses. This gives to the license here involved a peculiar value depending upon the business ability and the popularity of the owner, which cannot be accurately or adequately measured or compensated for in an action at law.' "

It is unnecessary to decide whether an action in deceit would lie and if so, what the measure of damages would be; suffice it to say that plaintiff's present action in assumpsit will not lie and that the preliminary objections to plaintiff's complaint were properly sustained by the court below.

Order affirmed.