Delvitto *v.* Schiavo, Appellant.

Argued March 26, 1952.   Before DREW, C. J.,
STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Carroll Caruthers,* with him *William F. Caruthers,*
for appellants.

*Fred B. Trescher,* with him *Everett S. C. Sorber* and
*Kunkle & Trescher,* for appellee.

OPINION BY MR. JUSTICE CHIDSEY, April 22, 1952:

Originally, this action commenced by a suit in equity
for specific performance of a contract to convey a
hotel together with the contents and a liquor license
for the sum of $22,000.  The contract arose by virtue
of a 90-day option given by the appellants (Tom and
Lena Schiavo) to the appellee (Paul A. Delvitto) on
September 22, 1945 and accepted by the appellee on
October 10, 1945.  After tender of the purchase price
to the appellants and refusal by them, the equity ac-
tion was instituted in November, 1945.

Preliminary objections to the action for specific
performance were filed by the appellants (defendants)
and the case was certified by the court to the law side

whereupon a statement of claim in assumpsit was filed. Upon the trial of the case a verdict was directed for the defendants and a new trial was refused. On appeal to this Court the action was remanded to the Superior Court which reversed the lower court and awarded a new trial: *Delvitto v. Schiavo et ux.,* 164 Pa. Superior Ct. 338 (1949), 64 A. 2d 496.

The second trial resulted in a verdict in favor of the plaintiff in the sum of $4,000. After motions for a new trial and judgment *non obstante veredicto* were refused and judgment entered on the verdict, defendants took this appeal.

From the evidence, viewed in light of the jury verdict in favor of the plaintiff, the following facts were established: Plaintiff was a justice of the peace and defendants were the owners of the Brunswick Hotel in Irwin, Pennsylvania, together with its furnishings including a bar, and a liquor and beer license. In September, 1945 the defendants contacted the plaintiff and asked him to find a buyer for their property. Shortly thereafter the plaintiff went to the hotel and defendant Lena Schiavo signed the option which provided, in substance, that in consideration of $100 plaintiff was given the right for a period of 90 days to buy the above described real estate, personal property and liquor license for the sum of $22,000. At that time plaintiff gave defendant Lena Schiavo two fifty dollar bills as the consideration. Subsequently, defendant Tom Schiavo returned and signed the agreement. On October 10, 1945 plaintiff, by his attorney, Everett C. Sorber, Esquire, sent written notice to the defendants advising them that he was exercising the option.

Plaintiff also testified that defendants were interested in obtaining $22,000 for the property and that he was to receive for his services all over that amount if he could find a buyer who was willing to pay more

than $22,000. A witness for the plaintiff, Carl M. Seiler, Esquire, testified that he was present when plaintiff discussed with two persons named Bragile and Santoro the purchase of the property from plaintiff and that they agreed in his office to purchase the property for $30,000. Over the objection of counsel for the defendants, Santoro's testimony at the previous trial was read into evidence. In such testimony he corroborated the testimony of the plaintiff regarding the signing of a written agreement of sale. Plaintiff further testified that the agreement was for $30,000.

The first contention of the appellants is that the testimony of the plaintiff and Carl M. Seiler, Esquire with reference to the agreement of sale which plaintiff had with Santoro and Bragile was inadmissible. This argument is based upon the best evidence rule. Assuming, without deciding, that the best evidence rule did require production of the original agreement or satisfactory proof of its loss, we find no error for proof of its loss was in the record. Plaintiff testified that the agreement was lost from the files in his office and that he had made a diligent search for it and that Bragile was dead and Santoro could not be found. This testimony apparently satisfied the trial judge who is vested with discretion in determining the sufficiency of the proof of loss: *Leazure v. Hillegas,* 7 S. & R. 313, 322; *Gorgas, Admr., v. Hertz,* 150 Pa. 538, 540, 24 A. 756.

The second objection of the appellants is to the admissibility of the testimony of Santoro given at the previous trial. Santoro, when he entered into the agreement, was on leave from the Army and was stationed in Washington, D. C. at the time of the first trial. The effort to find Santoro consisted in calling the Pentagon Building in Washington and upon failing to locate him there, plaintiff sought in vain to ob-

tain an address where he could be reached. He then tried to locate this witness at Indiantown Gap when he was in Harrisburg a week before the trial. He did not know where this witness lived nor the name of his wife's family who lived in Jeannette where Santoro was staying at the time he entered into the agreement. Under such circumstances we are of the opinion that the trial judge was correct in admitting his testimony at the previous trial. Certainly there was no abuse of discretion in this regard. See *Delahunt v. United Telephone & Telegraph Company*, 215 Pa. 241, 64 A. 515; *Commonwealth of Pennsylvania v. DiNatale et al.*, 93 Pa. Superior Ct. 508.

The third argument of the appellants is that the plaintiff being a justice of the peace could not acquire or be interested in a liquor license. This same question was raised on the appeal in the Superior Court and properly decided by it. That court said, at page 344, "Appellees could not defend on the ground that the plaintiff, being a justice of the peace, could not hold a liquor license, for the defendants refused to transfer; and in addition, if there was any such disqualification the plaintiff could always resign his office. Also there is no reason why the plaintiff could not assign his option.", to which may be added, the option agreement was to the plaintiff, "his heirs and assigns".

The Superior Court has also adequately disposed of the argument by the appellants that plaintiff was guilty of bad faith in that he was acting as agent for the defendants and could not make a secret profit on the transaction. That court said, page 342, "The trial judge ruled that plaintiff could not recover the loss of his bargain because he was the 'real estate agent' of the defendants, and could not make a secret profit from the transaction. Such position is untenable. The

written option was clear and unambiguous. Under it the plaintiff was required to and did pay $100, to be applied on the purchase price of $22,000. if the option was exercised, and to be forfeited to the defendants if it was not exercised. . . . Under the agreement plaintiff was not entitled to any commissions, but his compensation was to be whatever profit he could make. If he had sued for an agent's commission for making the $30,000 sale, he could not recover in the face of the written option, which was not a commission agreement: Gianni v. R. Russell & Co., Inc., 281 Pa. 320, 126 A. 791."

Appellants also argue that bad faith was not shown on the part of the defendants and that therefore profits from a resale were not recoverable. Plaintiff on this phase of the case testified that defendants refused to convey to him because "they wanted more money." This was sufficient evidence to enable the jury to find bad faith: *Seidlek v. Bradley,* 293 Pa. 379, 142 A. 914; *Delvitto v. Schiavo et ux.,* supra.

The only remaining question to be discussed is the effect of this Court's decision in *Pichler v. Snavely,* 366 Pa. 568, 79 A. 2d 227. In that case this Court held that an action in assumpsit will not lie for damages resulting from a defendant's failure to transfer a *retail* liquor license subject to the Quota Law. That decision was based on the decision of this Court in *Cochrane v. Szpakowski,* 355 Pa. 357, 49 A. 2d 692, which, in turn, relied heavily on the Quota Law of June 24, 1939, P. L. 806. However, hotels are not subject to the Quota Law and the present Liquor Control Law makes it mandatory for the Board to grant a liquor license when the physical structure of the hotel and the applicant comply with the regulations: See *Sawdey Liquor License Case,* 369 Pa. 19, 23, 24, 85 A. 2d 28. Therefore the same reasons set forth in *Pichler*

*v. Snavely,* for denying a recovery in an action at law and relegating it to an action in equity do not apply to the instant case which involves a hotel liquor license.

Moreover, as the court *en banc* appropriately stated, ". . . the defendants are precluded from raising the question now by reason of taking a contrary position when the case was before the Court on a bill for specific performance, and when the case was tried before the Trial Judge."

We find no merit in this appeal.

Judgment affirmed.