## Callender, etc., v. Price

*H. R. Van Deusen,* for plaintiff.
*Raymond Bialkowski,* for defendant.

HOBAN, P. J., January 18, 1954.—This is an action of assumpsit to recover damages to the seller for alleged breach of a contract for the sale of a hotel property and the liquor license under which seller operated. By agreement a single question of fact was submitted to the jury, to wit, whether seller had made a valid tender of the necessary instruments to convey the real and personal property and the liquor license to defendant, the prospective vendee. In effect this was a submission of the case to the jury on a point of law reserved. If the jury found no legal tender, obviously judgment would have to be for defendant. If the jury found a valid tender, then the case was to be for the judgment of the court on the special verdict and on the other facts all admitted in the pleadings.

The trial judge, after plaintiff's evidence was put in, granted a compulsory nonsuit, thus establishing the

fact, if the ruling was correct, of no legal tender. The matter is now before us on the rule to take off the nonsuit.

The entry of the nonsuit was proper. What plaintiff tendered was a deed to the property, a bill of sale for the personal property and an assignment by plaintiff of his interest as executor in the liquor license. But a mere assignment of a liquor license will not effect a transfer thereof. A liquor license is a purely personal privilege, granted to the licensee on terms specified by the Liquor Code and by the regulations of the Pennsylvania Liquor Control Board, and is not "assignable" as that word is generally understood: Pichler v. Snavely, 366 Pa. 568. Hence an assignment of a liquor license, though permitted by the Liquor Control Board under certain conditions, amounts to nothing more than a surrender of the assignor's right therein for the unexpired period of the license, and a request to the liquor board to consider favorably the application of the assignee to be licensed. The assignee must qualify both himself and the property according to the regulations of the board, and such qualification is beyond the power of the assignor to assure. See Delvitto v. Schiavo, 370 Pa. 299.

The terms of the sale both as specified in the original contract—"the property includes the liquor license and contents"—and the terms of a subsequent judicial sale by the Orphans' Court of Monroe County, "and also to transfer to Robert Price the hotel license presently held on said premises"—clearly contemplated the effective transfer of the license, and no tender of documents by the seller could accomplish that end.

Conveyancers have developed procedures to safeguard clients in transactions of this sort, but have found no way to complete a transfer, until the Commonwealth on its own terms grants a license privilege to a transferee.

Since the nonsuit was properly entered, there is no basis for a claim for breach either of the contract, or of any undertaking imposed on defendant by the terms of the judicial sale, and judgment must be entered for defendant.

Even if the evidence disclosed an otherwise effective tender, plaintiff would fail for these reasons:

First: If plaintiff is proceeding on the basis of the original contract for the sale of the property with liquor license included, the contract called for a sale for $8,500 cash, subject to approval by the Monroe County court. When the contract was presented for approval to the Orphans' Court of Monroe County, that court refused approval, because at the same time other prospective purchasers appeared and offered to purchase at substantially higher prices. Since the court disapproved the contract, defendant was relieved from any liability thereunder.

Second: Again if the contract is the basis of the liability, plaintiff has suffered no damage. He received $500 in forfeited earnest money from defendant, who had deposited that amount at the judicial sale, and the sum of $8,000 from the purchaser at a subequent private sale, thus achieving the contemplated contract price.

Third: The Orphans' Court of Monroe County, having rejected the contract between plaintiff and defendant, directed all parties to appear at a subsequent date and submit bids in open court. Several parties, including defendant, appeared as ordered, and bids were submitted. After such bidding the property (including license) was knocked down to defendant for $12,025 and an order of court entered directing the deposit of 10 per cent of the purchase price forthwith to the executor and granting 30 days for payment of the balance. Defendant deposited with executor the sum of $1,200, including a check for $700. Some time later defendant

stopped payment on the check so that plaintiff retained $500.

Defendant having failed to come forward with the balance of the purchase price at the end of 30 days, plaintiff 11 days thereafter made the tender already discussed. Having receiving from defendant no acceptance but simply a request to "See my lawyer", plaintiff construed this as a refusal and two weeks later at private sale sold the premises to another purchaser.

Plaintiff wants the difference between the bid price at the orphans' court sale and the price paid by the subsequent purchaser as damages.

But we know of no principle which imposes damages as a matter of contract obligation on a bidder at a judicial sale who fails to comply with his bid. What he does is forfeit his earnest money. Somewhat fortuitously perhaps, defendant recaptured some of his deposit by the device of stopping payment on a check, an act he might be made to justify in another suit, but until defendant offers to comply with the terms of sale in effect he remains an optionee only. If he forfeits his option he forfeits his deposit, thus theoretically compensating plaintiff for holding the property for his option until the expiration date.

As to the counterclaim by defendant, who seeks to recover the $500 retained by plaintiff as noted above, that amount was clearly subject to forfeit, and judgment for plaintiff on this counterclaim will be entered.

Now, January 18, 1954, the rule to take off the compulsory nonsuit heretofore entered is discharged.

Judgment is directed to be entered in favor of defendant and against plaintiff as to plaintiff's claim, and judgment is directed to be entered in favor of plaintiff and against defendant as to defendant's counterclaim.