## Golonsky Estate

*George Guiyer Young, Frank J. Fortunato* and *Arthur M. Soll,* for accountant.

*Joseph W. deFuria,* for heirs.

VAN RODEN, P. J., September 4, 1958. — Decedent died August 29, 1957, intestate, survived by his widow who is the present accountant. He was survived by neither parents nor issue but did leave surviving two sisters and a brother.

Prior to February 21, 1945, decedent and his wife were co-licensees of restaurant liquor license no. R15810, issued by the Pennsylvania Liquor Control Board. On February 21, 1945, the said license was transferred to decedent and his brother, and thereafter they operated as partners the restaurant and bar known as "Hanson House."

On October 15, 1957, which was subsequent to decedent's death, the said license was transferred to decedent's brother and his widow. The transfer approved by the liquor control board was in favor of the widow individually rather than as administratrix of her late husband's estate.

On March 14, 1958, the accountant, individually and as administratrix of decedent's estate, entered into an agreement of sale with decedent's brother for the sale of her interest in the physical assets and good will of the partnership, for the aggregate amount of $17,000. The sum of $7,250 was allocated to the one-half interest in the liquor license, the sum of $7,750 was allocated to the one-half interest in the fixtures, equipment, inventory, good will and name of the business, and the sum

of $2,000 was allocated to a one-half interest in certain additional inventory.

The account presently before the court includes the last two mentioned items but fails to include the item of $7,250 allocated to the one-half interest in the license. Decedent's sisters have filed objections to the account complaining of the failure of the administratrix to account for the proceeds of sale of said one-half in the license.

Section 468 of the Liquor Code of April 12, 1951, P. L. 90, 47 PS §4-468(a) provides, inter alia, that: "In the case of the death of a licensee, the board may transfer the license to the surviving spouse or personal representative or to a person designated by him. From any refusal to grant a transfer or upon the grant of any transfer, the party aggrieved shall have the right of appeal to the proper court and therefrom to the Superior Court, in the manner hereinbefore provided."

When the Pennsylvania Liquor Control Board approved the transfer of restaurant liquor license no. R15810 on October 15, 1957, from decedent and his brother to decedent's widow and said brother, it must be presumed that the board exercised the discretion conferred upon it by the statute in favor of a transfer to the surviving spouse individually rather than as personal representative of decedent's estate. No appeal to any court was taken from said decision of the board.

In Ryan Estate, 375 Pa. 42 (1953), the Supreme Court held that where, following the death of the owner of a liquor license, the Pennsylvania Liquor Control Board transfers the license to decedent's surviving spouse, the new license is not an asset of the estate.

Counsel for decedent's sisters recognizes the import of the rule in Ryan Estate, supra, but seeks to distinguish that case on the ground that in the instant case decedent owned the license in copartnership with

his brother, rather than individually as in the Ryan case. However, this distinction appears to be meaningless in view of the express holding of the Supreme Court in Pichler v. Snavely, 366 Pa. 568 (1951), cited with approval in Ryan Estate, supra, that: "The law is well settled that a liquor license is not a property right, but only a purely personal privilege for a specific limited time, which is subject to termination by the Liquor Control Board for cause and which, in any event, terminates with the licensee's life. A liquor license or the privilege to sell liquors for a specified time, although often very valuable, is not assignable, (as that term is generally understood) nor does it go to the personal representatives or become an asset of the holder's estate in case of death . . .".

The Supreme Court went further in the Ryan Estate and held that: "Since upon the death of the licensee the license was, in fact, terminated, and since under the terms of the Pennsylvania Liquor Control Act the Board had power to grant a new license to the surviving spouse—as it did—it follows that said new license was not an asset of the estate. It did not become an asset of the estate merely because the new licensee mingled certain assets of the decedent's estate with her own property in the conduct of the licensed place. . . .

"When she later sold and transferred her own individual liquor license . . . the situation was not altered, and the sum which she received from the transfer was not and cannot become an asset of the estate."

Chylak Estate, 6 D. & C. 2d 210 (1956), relied upon by counsel for the objectors, is inapplicable since in that case the Pennsylvania Liquor Control Board issued the new license following decedent's death unto his partner and the executor as personal representative rather than individually. In other words, the board in that case exercised its discretion in favor of

decedent's estate rather than in favor of a widow. As a matter of fact it does not appear that decedent in the Chylak case was survived by a widow. Accordingly, Chylak Estate is clearly distinguished from Ryan Estate, supra, and we are bound by the ruling in the Ryan case.

Accordingly, the objections to the account of the administratrix must be and are hereby dismissed.