## American Discount Co. v. Ryan

Before Hagan, P. J., Griffiths and Chudoff, JJ.

*Arnold J. Silvers*, for plaintiff.

*Joseph C. Mansfield*, for defendants.

HAGAN, P. J., December 18, 1959.—This matter is before us on defendants' preliminary objections to plaintiff's complaint in equity.

The complaint avers substantially as follows: That defendant Mariana is indebted to plaintiff in the sum of $3,850, evidenced by a judgment note, that Mariana and Eleanore A. Ryan are the holders of a liquor license, that about June 15, 1959, Mariana made an application to the Liquor Control Board to delete his name from the license, that this was done for the purpose of defrauding plaintiff and to hinder the collection of the indebtedness, that Mariana is insolvent and that Eleanore Ryan is a straw party for Anthony J. Ryan. The complaint names Mariana, Eleanore Ryan, Anthony Ryan and the Liquor Control Board as defendants, and seeks to enjoin the transfer of the license. The action is brought under the Uniform Fraudulent Conveyance Act of May 21, 1921, P. L. 1045, 39 PS §351, et seq.

The first question which must be determined in considering defendants' preliminary objections is whether or not a liquor license is such "property" as can be the subject of a fraudulent conveyance under the Uniform Fraudulent Conveyance Act. A liquor license has been held not to be a property right for certain purposes. See Ryan Estate, 375 Pa. 42, and the cases cited therein. On the other hand, it was held in Ritz v. Rafail, 366 Pa. 274, that a court of equity

has power to enforce a negative covenant not to transfer a liquor license, or even to enforce, subject to approval by the Liquor Control Board, an affirmative covenant to transfer a liquor license. In so holding the Supreme Court stated, at page 276:

"It is defendants' contention that a liquor license is not a property right but only a privilege, (Spankard's Liquor License Case, 138 Pa. Superior Ct. 251, 259, 10 A. 2d 899, 903) and that therefore equity has no jurisdiction to enforce a covenant not to sell or transfer it. Whatever, however, may be the nature or legal status of a liquor license as between the State and the licensee, negative covenants such as that here involved, as well as affirmative agreements to transfer such licenses, have been uniformly enforced in our appellate courts, subject always, of course, to the approval of the Liquor Control Board to any transfer."

The power of an equity court to enforce negative and affirmative covenants for the transfer of liquor licenses was reaffirmed in Pichler v. Snavely, 366 Pa. 568. The court there pointed out that it would be unrealistic to fail to recognize that a liquor license does have a real value although one not specifically measurable monetarily.

We conclude, therefore, that while a liquor license may not be considered to be property for some purposes, it is property for others. Considering the broad language of the Uniform Fraudulent Conveyance Act and its remedial purpose, we hold that a liquor license is such "property" as can be the subject of a conveyance within the meaning of that act. We further hold that the withdrawal of one licensee's name, leaving the other licensee as sole owner, is the equivalent of a transfer of a one-half interest in the license.

Assuming, however, that the transfer of a liquor license *can* be the subject of a fraudulent conveyance, the next question is whether plaintiff has sufficiently

pleaded a fraudulent conveyance within the scope of the act. Basically, there are two types of fraudulent conveyance under the act. The first type is one which is *presumptively* fraudulent. In order to come within this classification, plaintiff would have to have pleaded that the conveyance was made without a "fair consideration": Section 4 of the Uniform Fraudulent Conveyance Act, 39 PS §354. There is no such allegation in the complaint.

The second type of fraudulent conveyance is one where there is *actual* fraud: Section 7 of the Act, 39 PS §357. In the instant case, however, there was only a general allegation of fraud, which under Pa. R. C. P. 1019 (*b*) is insufficient.

For the foregoing reasons defendants' preliminary objections are sustained and plaintiff is granted leave to file an amended complaint within 20 days, in accordance with this opinion.