The **PARAMOUNT FINANCE COMPA-
NY**, Plaintiff-Appellee,

v.

**UNITED STATES of America,
Defendant-Appellant.**

No. 17005.

United States Court of Appeals
Sixth Circuit.

June 28, 1967.

Howard J. Feldman, Department of
Justice, Washington, D. C., Mitchell Ro-
govin, Asst. Atty. Gen., Lee A. Jackson,
Joseph Kovner, Attys., Department of
Justice, Washington, D. C., on brief;
Merle M. McCurdy, U. S. Atty., James L.
Oakar, Asst. U. S. Atty., Cleveland, Ohio,
of counsel, for appellant.

Philip Kasdan, Cleveland, Ohio, for
appellee.

Before EDWARDS and CELEBREZ-
ZE, Circuit Judges, and NEESE, Dis-
trict Judge.[*]

NEESE, District Judge.

S. & C. Tavern, Inc.[1] procured a loan
from the plaintiff[2] and applied the pro-
ceeds to the purchase of a tavern busi-
ness in Cleveland, Ohio. The taxpayer
made its promissory note to the lender,
securing the repayment of the loan with
a security agreement[3] and financing

---

[*] C. G. Neese, Judge, United States District
Court for the Eastern District of Ten-
nessee, sitting by designation.

[1,2.] For purposes of clarity, S. & C.
Tavern, Inc. is referred to as the taxpayer

and The Paramount Finance Company is
referred to as the lender herein.

[3.] The collateral hypothecated to the lender
by the taxpayer in the security agree-
ment included: "All fixtures and equip-

**544**

statement. The lender perfected its security interest in the collateral given by the taxpayer by filings in the respective offices of the recorder of Cuyahoga County, Ohio and the Ohio secretary of state on August 15, 1962.

Within two years therefrom the taxpayer was in default on the loan and deficient in paying its federal taxes. The defendant assessed the taxpayer on April 23, 1964 with a tax deficiency of $4,988.03. Four days afterward, the defendant's agents filed with the aforementioned recorder a lien on the taxpayer's property for federal tax liabilities, and its agents seized, 26 U.S.C. § 6331(b), the tavern property, including DA–3 permit no. 3494 of the Ohio Department of Liquor Control, respecting a liquor license which had been issued theretofore to the taxpayer.

The lender brought suit on June 16, 1964 in an Ohio state court to enforce collection of the balance due on the note of $5,394.00 and to foreclose on the security agreement. The appellant, a defendant in the state litigation, removed the action to the District Court for the Northern District of Ohio. 28 U.S.C. § 1444.

The taxpayer's property and property rights were sold under 26 U.S.C. § 6331 (b) at an adjourned sale on June 19, 1964 and, subject to the approval of the Ohio liquor control authorities, the taxpayer's liquor license was transferred to the successful purchasers at the sale. After allowances for expenses and claims, the fund remaining for distribution from the proceeds of such sale was $3,588.40.

The District Judge applied this amount to the satisfaction of the lender's rights under the security agreement.[4]

■■ The defendant was authorized to collect the tax due it from the taxpayer by levy on and seizure of the state liquor license.[5] Barr v. United States, 337 F.2d 693, 695 [2] (C.A. 6, 1964). However, such lien imposed thereon by 26 U.S.C. § 6321 was invalid against the lender's perfected purchase money security interest under the aforementioned security agreement and financing statement. 26 U.S.C. § 6323. The perfected security agreement was effective according to its terms against the defendant as a tax creditor of the taxpayer. Ohio R.C. § 1309.12.

The security interest acquired by the lender was a "purchase money security interest" under the Ohio Commercial Code,[6] which applies " * * * so far as concerns any personal property and fixtures within the jurisdiction of [Ohio] * * *: (1) to any transaction, regardless of its form, which is intended to create a security interest in personal property or fixtures including goods, documents, instruments, general intangibles, chattel paper, accounts or contract rights * * *." Ohio R.C. § 1309.02 (A). A " * * * 'General intangible' means any personal property, including things in action, other than goods, accounts, contract rights, chattel paper, documents and instruments." Ohio R.C. § 1309.01(A) (12).

■ The taxpayer could not transfer to the lender title to the liquor license is-

ment * * * on [the taxpayer's] tavern premises * * *, [t]ogether with all [items] used in connection with said tavern business, the good will, trade name, and all other property of every kind and character owned and/or controlled by [the taxpayer], in connection with the operation of said business * * *, including any and all rights and/or equities accruing to [the taxpayer] by reason of the issuance of permits to [the taxpayer] by the Ohio Department of Liquor Control, and * * * regulations of the Board * * * covering * * * transfer of said permits."

4. The lender contends the District Judge reached a correct result for the wrong reasons.

5. The conclusion *contra* of the District Judge was erroneous.

6. " * * * A security interest is a 'purchase money security interest' to the extent that it is * * * (B) taken by a person who by making advances or incurring an obligation gives value to enable the debtor to acquire rights in or the use of collateral if such value is in fact so used." Ohio R.C. § 1309.05.

sued to it by the Ohio Department of Liquor Control, Abraham v. Fioramonte, 158 Ohio St. 213 [6], 107 N.E.2d 321, 33 A.L.R.2d 1267 (1952), but the taxpayer could, and did, transfer to the lender a security interest in the liquor license, as constituting "property" with unique value. Nelson v. Naranjo, 74 N.M. 503, 395 P.2d 228 (1964). It is agreed by the litigants that this taxpayer's liquor license had pecuniary worth, so whether the license created a " * * * 'property' right, is immaterial; for here, * * * the tag 'property' simply symbolizes the fact that courts enforce a claim which has pecuniary worth. * * * " Haelan Laboratories v. Topps Chewing Gum, 202 F.2d 866, 868 [1] (C.A. 2, 1953), cert. den. 346 U.S. 816, 74 S.Ct. 26, 98 L.Ed. 343.

The fund produced by the sale by the defendant of the taxpayer's tavern and its liquor license represents the value of its business which was hypothecated to the lender under a security agreement perfected long before the taxpayer's property was seized by the defendant. We agree with the District Court that the fund remaining should be applied to the satisfaction of the lender's rights thereunder.

Affirmed.