**Ruby Lee GIBSON, d/b/a Mermaid Room, Appellant,**

v.

**ALASKA ALCOHOLIC BEVERAGE CONTROL BOARD et al., Appellees.**

**Civ. No. A-80-72.**

United States District Court,
D. Alaska.

April 5, 1974.

William R. De Vries, of Dickerson & De Vries, Inc., Anchorage, Alaska, for appellant.

Timothy G. Middleton, Asst. Atty. Gen., Anchorage, Alaska for Alcoholic Bev. Control Board.

G. Kent Edwards, U. S. Atty., and A. Lee Peterson Asst. U. S. Atty., Anchorage, Alaska, for SBA and USA.

## MEMORANDUM AND ORDER

PLUMMER, Senior District Judge.

This case comes before the court on motion by appellant Gibson for summary judgment against appellees Alaska Alcoholic Beverage Control Board (hereinafter the Board) and Small Business Administration (hereinafter SBA), and upon cross-motion for summary judgment by SBA. The court concludes it has jurisdiction based on 28 U.S.C. §§ 1444 and 2410.

The facts are not in dispute and are summarized as follows. For many years appellant owned an establishment in which liquor was sold. The Board issued a beverage dispensary liquor license, last renewed for 1971, to appellant, for the establishment. In 1967, appellant executed a security agreement with SBA,[1] which listed as collateral, among other things, "Liquor license for 1967 and subsequent years."

Appellant subsequently defaulted and SBA foreclosed, taking over the physical collateral and petitioning the Board for the transfer of the liquor license to SBA. The Board transferred the license to SBA in 1972 over appellant's argument that the license could not be transferred because it was a privilege and not a property right. Appellant appealed the decision to the Superior Court of Alaska, from which SBA removed the action to this court.

The issues to be determined are as follows:

(1) whether to apply state or federal law to this case,

(2) what is the applicable standard for administrative review, and

(3) whether the license could be transferred to SBA.

The issues concerning the merits in this case pertain to an area covered by state rather than federal law. *Compare* United States v. Brosnan, 264 F.2d 762, 765 (3d Cir. 1959), aff'd 363 U.S. 237, 80 S.Ct. 1108, 4 L.Ed.2d 1192 (1960), with United States v. John Hancock Mutual Life Ins. Co., 364 U.S. 301, 81 S.Ct. 1, 5 L.Ed.2d 1 (1960). Thus, the issues are to be determined under Alaska law.

---

1. The security agreement was executed between appellant and a bank, which subsequently assigned and transferred its interests under the agreement to SBA. The "purpose" of the security agreement between appellant and the bank was

    ". . . to provide SBA as Secured Party with a continuous security interest in collateral described below in order to secure the performance or payment of the obligations of [appellant] to [the bank], arising out of a loan by [the bank] to [appellant]."

Appellant does not attack the assignment from the bank to SBA. Thus, the court considers the security agreement as if it were made directly between appellant and SBA.

■ The present case involves the liquor license only as property which may or may not be subject to a security transaction. This question does not pertain to the

> " . . . particularized experience and knowledge of the administrative personnel . . ." Kelly v. Zamarello, 486 P.2d 906, 916 (Alaska 1971).

Instead the issue concerns

> " . . . statutory interpretations requiring the special competency of the courts." Mukluk Freight Lines, Inc. v. Nabors Alaska Drilling, Inc., 516 P.2d 408, at 412 (filed December 3, 1973, Alaska Supreme Court).

Thus, the court need not accord great deference to the findings of the Board and apply the reasonable basis standard. The court interprets the statutes involved here employing normal procedures for such interpretation.

The court discerns the parties' arguments on the transferability issue to fall into four categories: (a) the applicability of the Uniform Commercial Code, Article 9, codified as AS 45.05.690–45.05.794, (b) the applicability of AS 04.10.180, (c) the capacity of SBA to hold a liquor license, and (d) the applicability of the estoppel doctrine against appellant.

The relationship between appellant and SBA is that of debtor and secured party. The liquor license is listed as "Collateral" on the "Security Agreement." Normally, the incidents of such a relationship are governed by UCC Article 9, AS 45.05.690–45.05.794. Appellant argues Article 9 does not apply because (1) the nature of the interest held in the license precludes the transfer, and (2) AS 09.35.087 exempts liquor licenses from Article 9 coverage.

Appellant contends her interest in the license to be that of a personal privilege, rather than a property right, citing

United States v. Bordenelli, 15 Alaska Rep. 88 (1954), appeal dismissed for lack of jurisdiction 233 F.2d 120 (9th Cir. 1956) (thus rendering case a nullity); and Bently v. Kirbo, 169 F.Supp. 38 (D. Alaska 1958). As a privilege, the license is not unconditionally transferable. In re Application of Harris, 15 Alaska Rep. 250 (1954), held a liquor license to expire with the death of its holder, thus precluding its transfer even though statutes would allow a transfer of a license upon approval of the court. The court noted by way of *dictum*,

> " . . . it seems more reasonable to apply the general rule in this situation and restrict the application of the statutes providing for transfers to a voluntary inter vivos transfer. . . ." *Id.* at 251.

Appellant also relies upon AS 09.35.087 making

> " . . . the liquor license of a judgment debtor exempt from execution."

In the same vein, Attorney General's Opinion No. 4, 1967, declares liquor licenses to be exempt from attachment and execution.[2]

■■ Appellees argue UCC Article 9 has been interpreted to include liquor licenses, citing Paramount Finance Co. v. United States, 379 F.2d 543, 544 (6th Cir. 1967); and Bogus v. American National Bank of Cheyenne, Wyo., 401 F.2d 458 (10th Cir. 1968), annot. 30 A.L.R.3d 33n (1970). The court is persuaded by these cases that Article 9 can encompass the liquor license as "property" which may be pledged as security.[3] The *dictum* quoted above from *Harris, supra,* reinforces this position. The court is not persuaded AS 09.35.087 and Attorney General's Opinion No. 4, 1967, exempt the liquor license from the enforcement of the Security Agreement, "a voluntary inter vivos transfer." AS 45.05.-

---

2. Bently v. Kirbo, *supra*, supports this line of authority.

3. A liquor license is transferable. *See* AS 04.10.240. This case does not deal with more personal, non-transferable "licenses" such as that of an attorney or a physician to practice his profession.

696, which defines the scope of Article 9 coverage, does not exclude liquor licenses. Further, at least one other court has reached the same result.

" . . . Although under [statute] a liquor license may not be subjected to 'attachment, garnishment or execution,' there is no direct prohibition against its being subject to a [security] lien." Johnson v. Smith, 455 P.2d 244, 250 (Wyo.1969) (applying Article 9 to a liquor license.)

In sum the court notes that while the personal privilege analysis may [4] be applicable to a dispute between the license holder and the Board,[5] such analysis is not applicable between the holder and a secured party who relied upon the license for collateral in loaning funds.

Appellant intimates the applicability to this case of AS 04.10.180, which states in pertinent part as follows:

"No person other than the licensee shall have a direct or indirect *financial interest* in the business for which the license is issued. . . ." (Emphasis added).

The court concludes this statute is not controlling because SBA has a security interest, as opposed to a financial interest, in the license.

Finally, appellant contends SBA is not empowered to acquire, hold or assign a liquor license. SBA is holding the license because of its status of secured party, and not as a liquor dispensing business. The court is not persuaded this action is beyond the power of SBA.

The court need not reach appellee's argument based on estoppel.

Accordingly, it is ordered as follows:

1. Appellant's motion for summary judgment is denied, and SBA's cross-motion for summary judgment is granted.

2. Counsel for SBA shall within twenty (20) days prepare, serve and submit an appropriate form of judgment for the consideration of the court.

---

4. *Cf.* Van Alstyne, The Demise of the Right-Privilege Distinction in Constitutional Law, 81 Harv.L.Rev. 1439 (1968).

---

5. United States v. Bordenelli, and In re Application of Harris, both *supra*, were suits in which the parties occupied this relationship.