**In re BRANDING IRON, INC., Debtor.**

**Brian J. O'NEILL, Esquire, Trustee/Plaintiff,**

v.

**BUSINESS LOANS, INC., Defendant.**

**Bankruptcy No. 79–202K.**

United States Bankruptcy Court, E. D. Pennsylvania.

Dec. 16, 1980.

Edward Cohen, Philadelphia, Pa., for bankrupt.

Leonard P. Goldberger, Philadelphia, Pa., for defendant.

Brian J. O'Neill, trustee, James J. O'Connell, Philadelphia, Pa., for trustee.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

Presently before the court is plaintiff's complaint for determination of validity, extent, and priority of claims for lienholders, together with defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted.[1]

Debtor, Branding Iron, Inc., filed for an arrangement under Chapter XI of the Bankruptcy Act on February 6, 1979.[2] Pursuant to a refinancing agreement, the defendant, Business Loans, Inc., was given a security interest in all the assets of Branding Iron, including a Pennsylvania Liquor License (hereinafter "License"). The security interest was perfected by the filing of financing statements with both the Department of State of the Commonwealth of Pennsylvania and the Prothonotary of the

Court of Common Pleas of Philadelphia County.

On April 11, 1980, a judgment by default was entered by this Court against Branding Iron. The automatic stay was lifted thus permitting Business Loans to obtain and dispose of the collateral related to the security agreement. Also on that date, an Order of adjudication was entered and a trustee was appointed. Before Business Loans could sell its collateral at private sale, the trustee filed the instant complaint for determination of validity, extent, and priority of claims of lienholders, alleging that Business Loans' security interest in the license was invalid *ab initio* and, therefore, was unenforceable, and that title to the license remains with the trustee.

The complaint does not challenge the perfection of Business Loan's security interest. Instead, it avers that, as a matter of Pennsylvania law, a security interest cannot be taken in a liquor license. Plaintiff relies on three (3) Pennsylvania cases in support of this assertion: *Appeal of Spankard*, 138 Pa. Super. 251, 10 A.2d 899 (1940); *Pichler v. Snavely*, 366 Pa. 568, 79 A.2d 227 (1951) and *Commonwealth Liquor v. Starr*, 13 Pa. Cmwlth. 415, 318 A.2d 763 (1974). Although these cases discuss in general terms the extent to which a liquor license may be regarded as property, we find that they are not determinative of the issue before us.

*Pichler v. Snavely, supra,* did not address the question of whether a security interest can attach to a liquor license. The court held only that the plaintiff could not maintain an action in assumpsit because the money value of the license could not be accurately determined in an action at law. The court's declaration that a liquor license should be viewed as a personal privilege rather than a property right is not, in our view, dispositive of the instant issue.

*Appeal of Spankard, supra,* and *Commonwealth Liquor Control Board v. Starr, su-*

---

1. This opinion constitutes findings of fact and conclusions of law in accordance with Bankruptcy Rule 752.

2. While the Bankruptcy Act has been superseded by the Bankruptcy Code as of October 1,

1979, the provisions of the Act still govern petitions filed before that date. Bankruptcy Reform Act of 1978, Pub.L.No. 95–598, § 403, 92 Stat. 2683 (1978).

*pra,* held that filing an *application* for a liquor license does not create a contractual or property right such that the legislature must pay compensation in order to revoke it. The regulatory powers of the Liquor Control Board are not an issue before us, and neither *Spankard* nor *Starr* provide a basis for concluding that a liquor license is a mere transient privilege in all relationships between licensees and third parties. Moreover, several Pennsylvania cases support the assertion that a liquor license is property with value. *See,* e. g., *Kosco v. Hachmeister, Inc.,* 396 Pa. 288, 152 A.2d 673 (1959); *Redevelopment Authority of City of Philadelphia v. Lieberman,* 461 Pa. 208, 336 A.2d 249 (1975); *In Re Feitz Estate,* 402 Pa. 437, 167 A.2d 504 (1961).

The courts of Pennsylvania have not dealt squarely with the issue of security interests attaching to liquor licenses, even though the Uniform Commercial Code, as adopted in Pennsylvania, does not by its terms exclude such a security interest from its coverage. 12A P.S. § 1–101 *et seq.* We also note that the Pennsylvania Liquor Code contains no such prohibition. 47 P.S. § 1–101 *et seq.*

Other jurisdictions have found that security interests in liquor licenses were possible under their own State Commercial Codes. The United States Court of Appeals for the Sixth Circuit, in *Paramount Finance Company v. United States,* 379 F.2d 543 (6th Cir. 1967), held valid a security interest in an Ohio Liquor License created in accordance with the Uniform Commercial Code as constituting "property" with unique value. The *Paramount* court cited the opinion in *Haelan Laboratories v. Topps Chewing Gum,* 202 F.2d 866 (2nd Cir. 1953), *cert. den.,* 346 U.S. 816, 74 S.Ct. 26, 98 L.Ed. 343 (1953), which recognized the fact that liquor licenses have economic value, regardless of whether they are called property.

The court in *In re Coed Shop, Inc.,* 435 F.Supp. 472 (N.D.Fla. 1977), *aff'd* 567 F.2d 1367 (5th Cir. 1978) held that it was settled law in Florida that although a liquor license is a "privilege", there is a recognized property interest acquired by the license holder

and the license may be the subject of a collateral assignment for purposes of securing an obligation of the license holder. *Id.,* 435 F.Supp. at 473.

In *Bogus v. American National Bank of Cheyenne, Wyoming,* 401 F.2d 458 (10th Cir. 1968), a debtor gave a bank a security interest in his liquor license. The court held that the license was property in which a valid security interest could be acquired under the Uniform Commercial Code, and that the security interest attached to the proceeds when the license was sold.

Similarly, the United States District Court for the District of Alaska found that Article 9 of the Uniform Commercial Code can encompass a liquor license as "property" which can be pledged as security. *Gibson v. Alaska Alcoholic Beverage Control Board,* 377 F.Supp. 151 (D.Alaska 1974). The court concluded that: "while the personal privilege analysis may be applicable to a dispute between the license holder and the Board, such analysis is not applicable between the holder and the secured party who relied upon the license for collateral in loaning funds." *Id.,* at 154.

We find that the secured creditor in the case before us, Business Loans, Inc., is in the same position as that discussed in the *Paramount, Bogus,* and *Gibson,* all previously cited. Business Loans extended credit to the debtor based on a security interest property perfected under the Pennsylvania Uniform Commercial Code. The fact that the asset to which the security interest attached is a liquor license is not prohibited by the laws of Pennsylvania, nor have the Pennsylvania courts created such a prohibition. In this regard, we take special note of the recent decision in *Jaybee Loan Co. v. U.S.A.* (Report and Recommendation of Magistrate Hall) C.A.No. 78–3847 (E.D.Pa. May 9, 1980), approved and adopted by the United States District Court by Order dated June 27, 1980.

The report of the Magistrate concluded that a security interest can attach to a Pennsylvania Liquor License, and that the plaintiff's complaint must therefore be dismissed. The Magistrate noted that al-

though the assignment or transfer of liquor licenses is regulated by statute, the perfection of a security interest under Pennsylvania's Uniform Commercial Code is neither an assignment or a transfer and, therefore, not subject to the direction of the Liquor Control Board. (Report at 17–18). The Magistrate concluded that:

> In *Paramount, Bogus,* and *Gibson,* the courts upon consideration of that language of the codes involved found that security interests in liquor licenses were encompassed with the purview of the codes reviewed. I find that decisions and underlying reasoning of these federal courts to be persuasive, and in the absence of statutory or case law which produce a different result, I consider them to be of high probative value in concluding that as is true in Ohio, Alaska, and Wyoming, a security interest in a liquor license falls within the purview of Pennsylvania's Uniform Commercial Code.

Report at page 20.

After consideration of the foregoing, we conclude that a Pennsylvania liquor license may properly be made the object of a security interest, that the defendant, Business Loans, Inc., perfected such a security interest in conformity with the Pennsylvania Uniform Commercial Code, and that the defendant may exercise its right as a secured creditor to sell the collateral at private sale.

The trustee's complaint for determination of validity, extent, and priority of lienholders is hereby dismissed for failure to state a claim upon which relief can be granted.