In re **HENGALO ENTERPRISES, INC., Debtor(s).**

**HENGALO ENTERPRISES, INC., Plaintiff,**

v.

**SUN BANK OF MIAMI, INC., Milan Schultheis, Milan's Motors, Inc., and Eagle National Bank of Miami, Defendants.**

**Bankruptcy No. 85–00347–BKC–TCB. Adv. No. 85–0284–BKC–TCB–A.**

United States Bankruptcy Court, S.D. Florida.

June 18, 1985.

Robert Roth, Miami, Fla., for plaintiff.

Francis Carter, Miami, Fla., for Milan.

Robert Mellen, Miami, Fla., for Sun Bank.

### ORDER AMPLIFYING MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

The trial of this adversary complaint was held on April 18. The memorandum decision dated April 19 (C.P. No. 8) resolved the two disputed issues presented by the parties. A judgment proposed by the parties in accordance with the memorandum decision was entered on May 2. (C.P. No. 10).

It is undisputed that Sun Bank holds a valid and perfected security interest in the debtor's general intangibles. In a motion for rehearing (C.P. No. 12) plaintiff debtor-in-possession seeks clarification of whether the interest of Sun Bank as subrogee to the rights of Eagle National Bank in the debt-or's "general intangibles" includes the franchise agreements with Maserati, Peugeot and Lotus automobile companies. This issue was not raised at trial and, therefore, amplification of the memorandum decision is necessary to clarify the unanticipated dispute. The matter was heard on May 24.

The debtor relies on *Fla.Stat.* § 320.643 which provides in pertinent part:

"A motor vehicle dealer shall not transfer, assign, or sell a franchise agreement to another person unless the dealer first notifies the licensee of his decision to make such transfer, by written notice setting forth the prospective transferee's name, address, financial qualification, and business experience during the previous five years ..."

Debtor argues that this State law restriction on transferability of franchise agreements precludes the transfer of franchise agreement rights within the category of general intangibles in a security agreement. I disagree.

The Sixth Circuit held in *Paramount Finance Company v. United States,* 379 F.2d 543, 545 (6th Cir.1967) that:

"The taxpayer could not transfer to the lender *title* to the liquor license ..., but the taxpayer could, and did, transfer to the lender a security interest in the liquor license, as constituting 'property' with unique value." (Emphasis supplied).

In a comment following the report of the foregoing case in U.C.C.Rep.Serv. § 9–106 A9 (Bender), the editor notes that:

"A liquor license, or *any other item whose transferability is subject to prior approval* of a state board, will bring from a foreclosure sale less than it would if there were no restriction on transfer; but the necessity for approval alone does not mean that it cannot be used to secure an obligation." (Emphasis supplied).

*See also Id.* at A50 (right to petition for transfer of license be subject to security interest); *Id.* at A80 (security interest valid

if security agreement contained after-acquired property clause).

Debtor's argument that the franchises were not in existence when the security agreement was entered into does not take into account the validity of the after-acquired property clause.

The additional argument citing *Fla.Stat.* § 679.104(6) is faulty insofar as the debtor's memorandum of law relies on statutory language which has been amended. The amended statute does *not* prohibit the "transfer of a contract right to an assignee who is also to do the performance under the contract."

I find that the franchise agreements are general intangibles and are, therefore, interests that were transferred to Sun Bank. The memorandum decision is amplified by this additional finding which clarifies the extent of Sun Bank's security interest in "general intangibles."