**In re COED SHOP, INC., Bankrupt.**

**No. TBK 75–69.**

United States District Court,
N. D. Florida,
Tallahassee Division.

May 20, 1977.

William M. Smith, Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, Fla., for plaintiff.

C. Edwin Rude, Jr., Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, Fla., for trustee.

STAFFORD, District Judge.

On December 20, 1974 the Coed Shop, Inc., a Florida corporation, borrowed $35,-000 from Capital City First National Bank for the purpose of opening a nightclub business. As collateral for the loan Coed gave Capital City an assignment and a first lien on its liquor license which was filed with the State of Florida Department of Business Regulations, Division of Beverage, pursuant to Fla.Stat. § 561.65 (1975).

Coed opened for business on January 17, 1975 and on August 18, 1975 filed a voluntary petition for reorganization under Chapter X of the Bankruptcy Act. The Chapter X proceeding failed and Coed was subsequently adjudicated a bankrupt.

Capital City filed a proof of claim in the bankruptcy proceedings asserting its status as a secured creditor and alleging that it was owed $29,861.90 of the original $35,000 loan. The Trustee does not contest the amount of the claim, but objects to the fact that Capital City claims to have a perfected security interest in the liquor license. After a hearing on the matter the Special Master found that Capital City had a per-

fected security interest in the liquor license as of the date the petition for bankruptcy was filed and denied the Trustee's objections to the claim. This ruling was based upon a finding that Fla.Stat. § 561.65 (1975) is a central filing statute within the meaning of Fla.Stat. § 679.302(3)(b) (1975), or in the alternative that under the provisions of Fla.Stat. § 679.401(2) (1975) the interest of the Trustee would still be inferior to that of Capital City. The Trustee seeks to have that order vacated.

█ It is settled law in Florida that although a liquor license is a "privilege" there is a recognized property interest acquired by the license holder and the license may be the subject of a collateral assignment for purposes of securing an obligation of the license holder. *Yarbrough v. Villeneuve,* 160 So.2d 747 (Fla. 1st Dist.Ct.App.1964).

Since the adoption of the Uniform Commercial Code in Florida the perfection of a security interest in personal property has been controlled by Chapter 679 of the Florida Statutes. In order for Capital City's interest to be superior to that of the Trustee it must have been perfected at the date the petition for bankruptcy was filed. This is true because of the status of the Trustee under section 70(c) of the Bankruptcy Act, which provides in part that:

The trustee shall have as of the date of bankruptcy the rights and powers of: (1) a creditor who obtained a judgment against the bankrupt upon the date of bankruptcy, whether or not such a creditor exists, (2) a creditor who upon the date of bankruptcy obtained an execution returned unsatisfied against the bankrupt, whether or not such a creditor exists, and (3) a creditor who upon the date of bankruptcy obtained a lien by legal or equitable proceedings upon all property

. . . . .

11 U.S.C. § 110(c).

█ In Florida a liquor license is a general intangible. 29 Fla.Jur., Secured Transactions, § 101 (1967). Pursuant to Fla.Stat. § 679.302 (1975), filing of a financing statement is required to perfect a security interest in a general intangible. Filing is accomplished by:

474

Presentation for filing of a financing statement and tender of the filing fee or acceptance of the statement by the filing officer and recording in compliance with section 679.4011, where required . . . .

Fla.Stat. § 679.403(1) (1975). Where filing is required, the place of filing is generally covered by Fla.Stat. § 679.401 (1975). In the case of a general intangible filing of the financing statement must normally be in the office of the Secretary of State.

■ There is an exception to the filing provisions set forth above contained in the U.C.C. Section 679.302(3)(b) of the Florida Statutes provides:

(3) The filing provisions of this chapter do not apply to a security interest in property subject to a statute:

(b) of this state which provides for central filing of [a] security interest in such property . . . for which a certificate of title is required under the statutes of this state if a notation of such security interest can be indicated by a public official on a certificate or duplicate thereof.

Capital City takes the position that Fla. Stat. § 561.65(3) (1975) is a central filing statute within the meaning of section 679.302(3)(b), and therefore its interest is perfected.

Section 561.65(3) provides:

(3) If any such bona fide mortgagee or lienholder shall serve notice in writing on the division of the extension of such lien and accompany said notice with a fee of five dollars to the division, . . . then such lienholder shall be notified in writing of the filing of an order to show cause as to why said license should not be suspended and revoked, and also said lienholder shall be furnished a copy of any order of suspension or revocation.

The Court is of the view that this section does no more than provide a mechanism to enable a lienholder to receive notice from the Division of Beverage in the event action is taken which may affect the continued existence of the beverage license. The clear purpose of the statute is to allow a lienholder to insure that *he* is notified of any action which may adversely affect his interest. It does not necessarily provide notice to the world. Indeed, filing with the Division of Beverage is optional and not required in order to perfect a security interest; consequently checking the records of the Division of Beverage gives no assurance that there is no valid lien on a beverage license. In light of these deficiencies it becomes obvious that Fla.Stat. § 561.65 (1975) does not provide a substitute central filing system and Capital City's interest is not perfected on that basis alone.

This finding does not, however, end the inquiry. The Special Master found that even if the Division of Beverage was not a central filing place Capital City still had a perfected security interest. This finding was based upon Fla.Stat. § 679.401(2) (1975), which provides that:

A filing which is made in good faith in an improper place or not in all the places required by this section is nevertheless effective with regard to any collateral as to which the filing complied with the requirements of this chapter and is also effective with regard to collateral covered by the financing statement against any person who has knowledge of the contents of such financing statement.

■ The Trustee takes the position that the above quoted section is not applicable to the situation presented in this case. The Court finds this argument to be well taken. The first part of section 679.401(2) serves to protect a creditor who, in good faith, has filed one financing statement to perfect interests in more than one type of collateral where the filing is correct for some but not all of the collateral covered by the statement. If, for example, a creditor made only a central filing which purported to perfect an interest in equipment and consumer goods, section 679.401(2) makes it clear that such a filing would perfect the equipment interest, which requires central filing, but not the consumer goods interest, which requires local filing. It does not protect a creditor who makes a totally improper filing, as is the situation in this case, even though the filing may have been done in good faith.

Likewise, the second part of section 679.401(2) making an improper filing effective against persons with knowledge of the contents of the financing statement lends no support to the position of Capital City. The status of the Trustee under section 70(c) (11 U.S.C. § 110(c)) of the Bankruptcy Act is that of a perfect or ideal creditor. He is deemed to have complied with all applicable requirements of state law for a lien of legal or equitable process and he is *without notice.* Because the Trustee derives his status from the Bankruptcy Act, and not from the creditors he represents, it is inconsequential whether such creditors actually exist.[1]

For the foregoing reasons the Court must hold that the security interest of Capital City First National Bank in the beverage license of the debtor was unperfected at the date of bankruptcy and therefore inferior to the rights of the Trustee. The order of the Special Master is therefore vacated and the Trustee will receive the proceeds of the sale of the license free and clear of all liens.

IT IS SO ORDERED.

---

[1]. The Court is, of course, aware that contrary authority exists. For example, one commentator has stated that:

> The fact that the trustee in bankruptcy individually has actual knowledge of the unperfected interest does not bar him as trustee in bankruptcy from claiming priority over the unperfected interest, because he has the right of an ideal creditor and would only be barred if all the creditors had knowledge of the unperfected interest.

4 Anderson, Uniform Commercial Code § 9–401:35 (1971). See also 4A Collier on Bankruptcy ¶ 70.53 (14th ed. 1976). This view that the trustee is entitled to prevail only if he represents at least one creditor without notice unduly restricts the powers of the trustee under section 70(c) and disregards his status as a hypothetical creditor without notice. The better reasoned cases have so held, 4A Collier on Bankruptcy ¶ 70:53 fn. 10 (14th ed. 1976), and this is the view adopted by the Court in this case.