**In re SEVILLE ENTERTAINMENT COMPLEX OF PENSACOLA, INC., Debtor(s).**

**Bankruptcy No. 86–04405.**

United States Bankruptcy Court,
N.D. Florida,
Pensacola Division.

Aug. 31, 1987.

John E. Venn, Jr., Gulf Breeze, Fla., trustee.

Mark Hildreth, Tallahassee, Fla., for Rosie O'Grady's.

Thomas Reed, Pensacola, Fla., for debtor.

## ORDER SUSTAINING TRUSTEE'S OBJECTION TO ROSIE O'GRADY'S, INC.'S CLAIM

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS MATTER came on to be heard upon the trustee's objection to Rosie O'Grady's Inc.'s claim that it has a properly perfected security interest in a liquor license owned by the debtor. The parties entered into a joint stipulation of facts and law narrowing the dispute to the following issue: whether Rosie O'Grady's (Rosies) was required to file a form with the Florida Division of Alcoholic Beverages in accordance with Florida Statutes § 561.65(4) in addition to a UCC–1 with the Secretary of State in order to perfect a security interest in an alcoholic beverage license.

Rosie O'Grady's, Inc.'s position is that filing under Article Nine is sufficient to perfect a security interest in the subject alcoholic beverage license. The Trustee disagrees and asserts that compliance with § 561.65(4), Florida Statutes is also necessary to perfection.

Florida Statutes § 561.65(4) provides as follows:

In order to perfect a lien or security interest in a spirituous alcoholic beverage license which may be enforceable against the license, the party which holds the lien or security interest, within 90 days of the date of creation of the lien or security interest, shall record the same with the division, or with forms authorized by the division, which forms shall require the names of the parties and the terms of the obligation. The division, upon request and at no more than actual cost, shall provide copies of all recorded liens or security interests against a spirituous beverage license.

This statute is clear and unambiguous. In order to perfect a lien in a liquor license which is enforceable against the license, a lienholder must file the appropriate forms with the Division of Alcoholic Beverages. The penalty for the failure to do so is that the lien is unenforceable against the license. Since the Trustee is the owner of the license, he should have title to it free and clear of any lien because of the failure of Rosie's to perfect their lien. To hold otherwise would be to completely disregard Section 561.65 of the Florida Statutes.

As noted by Rosie's, the only Florida case which has construed this Statute is *In re Coed Shop, Inc.*, 435 F.Supp. 472 (N.D. Fla.1977) and it is no longer applicable. In that case, the Court considered whether or not Section 561.65 (as it was then worded) provided for central filing of liens on liquor licenses with the Division of Beverages, or whether, in fact, any filing with the Division was required at all. At that time all that was required was that a secured party could serve notice on the Department in order to receive notification regarding actions taken on the liquor license. The court construed this as providing only a permissive filing with the Department of Beverage. In 1981 the statute was amended and the provision set forth above was added as a new provision. It is clear from its wording that this is not permissive but

is mandatory. In addition, in 1979, Section 679 was amended to delete the provision for central filing systems. Therefore, the *Coed* case is no longer applicable to the issue of where a lien in a liquor license must be recorded to be perfected.

Alternatively, Rosie's argues that it complied with the substance of F.S. § 561.65(4) by filing the promissory notes, mortgage, and security agreement as to substantially all of the tangible and intangible property of the debtor with the Florida Division of Alcoholic Beverages. Yet F.S. § 561.65 specifically states that the requisite recordation of lien be "on or with forms authorized by the division." The division's acceptance of certain documents does not constitute "authorization" of an alternate "form" of filing.

In light of the clear statutory mandate of F.S. § 561.65(4), this Court concludes that dual filing was required by Rosie's in order for it to properly perfect its security interest in the alcoholic beverage license.

It is accordingly

ORDERED AND ADJUDGED that the trustee's objection to the claim of Rosie O'Grady's, Inc. be, and it hereby is, sustained.