Kenneth R. McGURN, et ux.,
Plaintiff–Appellee,
Cross–Appellant,

v.

WHISKEY CREEK, INC., United States of America, Harrison R. Glidden, State of Florida, Dept. of Business Regulation, Division of Alcoholic Beverages and Tobacco, etc., et al., Defendants–Appellants, Cross–Appellees.

No. 89–4015.

United States Court of Appeals,
Eleventh Circuit.

Feb. 7, 1991.

---

Gary R. Allen, Chief, Kenneth W. Rosenberg and David English Carmack, Appellate Section, Tax Div., Dept. of Justice, Washington, D.C., for defendants-appellants, cross-appellees.

Linda C. McGurn, Gainesville, Fla., for plaintiff-appellee, cross-appellant.

Before HATCHETT and DUBINA, Circuit Judges, and HILL, Senior Circuit Judge.

PER CURIAM:

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF FLORIDA PURSUANT TO ARTICLE 5, SECTION 3(b)(6) OF THE FLORIDA CONSTITUTION

TO THE SUPREME COURT OF FLORIDA AND ITS HONORABLE JUSTICES:

It appears to the United States Court of Appeals for the Eleventh Circuit that this case involves a question of Florida law which is determinative of the cause, but unanswered by controlling precedent of the Supreme Court of Florida. We, therefore, certify the question for resolution by the highest court of Florida.

This case comes to the United States Court of Appeals for the Eleventh Circuit on appeal from the United States District Court for the Northern District of Florida. The following facts are not disputed.

In December, 1981, Kenneth and Linda McGurn leased certain real property and premises in Gainesville, Florida, to Harrison R. Glidden and Whiskey Creek, Inc., for use as a lounge and nightclub. To secure the McGurns' right to rent under the lease, Whiskey Creek and Glidden executed a security agreement granting the McGurns an interest in their liquor license issued by the Division of Alcoholic Beverages and Tobacco of the state of Florida (the Division). The McGurns recorded their security agreement with the Division within ninety days of its execution; however, the McGurns did not file a financing statement with the Secretary of State.

In November, 1983, Glidden and Whiskey Creek began to default on lease payments owed to the McGurns. These defaults continued periodically until April, 1987, when Glidden and Whiskey Creek discontinued operation of the bar on the premises. During this time, the United States filed three different tax assessments for unpaid taxes by Glidden and Whiskey Creek against the property, followed by notices of tax liens. The total amount due to the government pursuant to these liens is $25,302.04. The total amount owing to the McGurns for rent defaults is $18,084.40.

The McGurns filed suit in a Florida circuit court seeking to foreclose their interest under the security agreement in the liquor license. The complaint included the United States as named defendants because the Internal Revenue Service had seized the liquor license for nonpayment of federal taxes. The United States removed the case to the federal district court. While the case was pending, the liquor license was sold for $23,562.50, and the proceeds placed in an interest-bearing account pending disposition of the suit.

Title 26 U.S.C.A. § 6323(a) provides that a federal tax lien is not valid, until notice thereof is properly filed, against a "holder of a security interest." (West 1989). Title

26 U.S.C.A. § 6323(h)(1) defines "security interest" as:

> any interest in property acquired by contract for the purpose of securing payment or performance of an obligation or indemnifying against loss or liability. A security interest exists at any time (A) if, at such time, the property is in existence and the interest has become protected under local law against a subsequent judgment lien arising out of an unsecured obligation, and (B) to the extent that, at such time, the holder has parted with money or money's worth. (West 1989.)

Under section 561.65(4), Florida Statutes, "[i]n order to perfect a lien or security interest in a spirituous alcoholic beverage license which may be enforceable against the license, the party which holds the lien or security interest, within 90 days of the date of creation of the lien or security interest, shall record the same with the division on or with forms authorized by the division...." Fla.Stat.Ann. (West 1987).

The McGurns contend that their security interest became perfected by filing with the Division pursuant to section 561.65(4), Florida Statutes, and was thus a security interest "protected under local law against a subsequent judgment lien." 26 U.S.C. § 6323(h)(1). According to the McGurns, section 561.65(4) supersedes the requirement of section 679.401(1) that the "proper place to file in order to perfect a security interest is ... in the office of the Department of State." Fla.Stat.Ann. (West 1990).

The government acknowledged that the McGurns complied with the requirements of section 561.65 by timely filing their security agreement with the Division. The government cited, however, to section 679.-302 which provides that "a financing statement must be filed to perfect all security interests...." Fla.Stat.Ann. (West 1990). Section 679.401 sets out the filing requirements for perfecting a security interest:

> (1) The proper place to file in order to perfect a security interest is as follows:
>
> (a) [Not applicable]
>
> (b) [Not applicable]

> (c) In all other cases, by filing in the office of the Department of State.

Fla.Stat.Ann. (West 1990). The government contends that as a result of sections 561.65 and 679.401, Florida Statutes, dual filing is required to perfect an interest in a liquor license under Florida law. According to the government, because the McGurns failed to file a financing statement with the Secretary of State concerning their interest in the liquor license, that interest remained unperfected.

The McGurns filed a motion for summary judgment, but the district court denied the motion. The district court held that the federal tax lien took priority because, at the time that notice of the federal tax lien was filed, the security agreement had not been filed with the Secretary of State, and was therefore not perfected against a hypothetical judgment lien creditor. The McGurns appealed from this judgment.

We believe the issue of Florida law raised by the McGurns in this appeal is appropriate for resolution by the highest court of Florida. We, therefore, certify the following question:

> WHETHER THE RECORDING OF A SECURITY INTEREST WITH THE FLORIDA DIVISION OF ALCOHOLIC BEVERAGES AND TOBACCO PURSUANT TO SECTION 561.65, FLA.STAT., IS SUFFICIENT UNDER FLORIDA LAW TO PERFECT THAT INTEREST AGAINST A SUBSEQUENT JUDGMENT LIEN.

We do not intend the particular phrasing of this question to limit the Supreme Court of Florida in its consideration of the problems posed by the entire case. In order to assist consideration of the case, the entire record, along with the briefs of the parties, shall be transmitted to the Supreme Court of Florida.