596 So.2d 1038 (1992)
UNITED STATES of America, Appellant,
v.
Kenneth R. McGURN, et ux., Appellees.
No. 77390.
Supreme Court of Florida.
April 2, 1992.
Shirley D. Peterson, Asst. Atty. Gen., Gary R. Allen, David English Carmack and Kenneth W. Rosenberg, Attys., Tax Div., Dept. of Justice, Washington, D.C., Kenneth W. Sukhia, U.S. Atty. and R. Timothy Jansen, Asst. U.S. Atty., Tallahassee, for appellant.
Linda C. McGurn, Gainesville, for appellees.
OVERTON, Justice.
This cause is before this Court upon the following certified question from the United States Court of Appeals for the Eleventh Circuit:
WHETHER THE RECORDING OF A SECURITY INTEREST WITH THE FLORIDA DIVISION OF ALCOHOLIC BEVERAGES AND TOBACCO PURSUANT TO SECTION 561.65, FLA. STAT., IS SUFFICIENT UNDER FLORIDA LAW TO PERFECT THAT INTEREST AGAINST A SUBSEQUENT JUDGMENT LIEN.
McGurn v. Whiskey Creek, Inc., 924 F.2d 998, 999 (11th Cir.1991). We have jurisdiction pursuant to article V, section 3(b)(6), Florida Constitution.
The issue in this case requires us to determine whether a security interest in a liquor license must be filed with both the Division of Alcoholic Beverages and Tobacco of the State of Florida, in accordance with the provisions of section 561.65(4), Florida Statutes (1987), and with the Secretary of State under the provisions of the *1039 Uniform Commercial Code, chapter 679, Florida Statutes (1987). For the reasons set forth below, we find that filing with the Division of Alcoholic Beverages and Tobacco of the State of Florida is sufficient and that no duplicate filing under the Uniform Commercial Code is necessary.
The Circuit Court of Appeals noted that the facts are not in dispute, and its opinion articulates those facts and the issues for our determination as follows:
In December, 1981, Kenneth and Linda McGurn leased certain real property and premises in Gainesville, Florida, to Harrison R. Glidden and Whiskey Creek, Inc., for use as a lounge and nightclub. To secure the McGurns' right to rent under the lease, Whiskey Creek and Glidden executed a security agreement granting the McGurns an interest in their liquor license issued by the Division of Alcoholic Beverages and Tobacco of the state of Florida (the Division). The McGurns recorded their security agreement with the Division within ninety days of its execution; however, the McGurns did not file a financing statement with the Secretary of State.
In November, 1983, Glidden and Whiskey Creek began to default on lease payments owed to the McGurns. These defaults continued periodically until April, 1987, when Glidden and Whiskey Creek discontinued operation of the bar on the premises. During this time, the United States filed three different tax assessments for unpaid taxes by Glidden and Whiskey Creek against the property, followed by notices of tax liens. The total amount due to the government pursuant to these liens is $25,302.04. The total amount owing to the McGurns for rent defaults is $18,084.40.
The McGurns filed suit in a Florida circuit court seeking to foreclose their interest under the security agreement in the liquor license. The complaint included the United States as named defendants because the Internal Revenue Service had seized the liquor license for nonpayment of federal taxes. The United States removed the case to the federal district court. While the case was pending, the liquor license was sold for $23,562.50, and the proceeds placed in an interest-bearing account pending disposition of the suit.
Title 26 U.S.C.A. § 6323(a) provides that a federal tax lien is not valid, until notice thereof is properly filed, against a "holder of a security interest." (West 1989). Title 26 U.S.C.A. § 6323(h)(1) defines "security interest" as:
"any interest in property acquired by contract for the purpose of securing payment or performance of an obligation or indemnifying against loss or liability. A security interest exists at any time (A) if, at such time, the property is in existence and the interest has become protected under local law against a subsequent judgment lien arising out of an unsecured obligation, and (B) to the extent that, at such time, the holder has parted with money or money's worth. (West 1989.)
Under section 561.65(4), Florida Statutes,
[i]n order to perfect a lien or security interest in a spirituous alcoholic beverage license which may be enforceable against the license, the party which holds the lien or security interest, within 90 days of the date of creation of the lien or security interest, shall record the same with the division on or with forms authorized by the division... ." Fla. Stat. Ann. (West 1987).
The McGurns contend that their security interest became perfected by filing with the Division pursuant to section 561.65(4), Florida Statutes, and was thus a security interest "protected under local law against a subsequent judgment lien." 26 U.S.C. § 6323 (h)(1). According to the McGurns, section 561.65(4) supersedes the requirement of section 679.401(1) that the "proper place to file in order to perfect a security interest is ... in the office of the Department of State." Fla. Stat. Ann. (West 1990).
The government acknowledged that the McGurns complied with the requirements of section 561.65 by timely filing their security agreement with the Division. The government cited, however, to *1040 section 679.302 which provides that "a financing statement must be filed to perfect all security interests... ." Fla. Stat. Ann. (West 1990). Section 679.401 sets out the filing requirements for perfecting a security interest:
(1) The proper place to file in order to perfect a security interest is as follows:
(a) [Not applicable]
(b) [Not applicable]
(c) In all other cases, by filing in the office of the Department of State.
Fla. Stat. Ann. (West 1990). The government contends that as a result of sections 561.65 and 679.401, Florida Statutes, dual filing is required to perfect an interest in a liquor license under Florida law. According to the government, because the McGurns failed to file a financing statement with the Secretary of State concerning their interest in the liquor license, that interest remained unperfected.
The McGurns filed a motion for summary judgment, but the district court denied the motion. The district court held that the federal tax lien took priority because, at the time that notice of the federal tax lien was filed, the security agreement had not been filed with the Secretary of State, and was therefore not perfected against a hypothetical judgment lien creditor. The McGurns appealed from this judgment.
We believe the issue of Florida law raised by the McGurns in this appeal is appropriate for resolution by the highest court of Florida.
We note it is not in dispute that, in order to perfect a security interest in a liquor license, that interest must be recorded in the Division of Alcoholic Beverages in accordance with the provisions of section 561.65(4), Florida Statutes (1987). The issue in this case is whether a filing is also required under the Uniform Commercial Code, specifically, section 679.401, Florida Statutes (1987).
In In re Coed Shop, 435 F. Supp. 472 (N.D.Fla. 1977), that court held that a liquor license was a general intangible and, therefore, a Uniform Commercial Code filing was required to perfect a security interest in a liquor license. However, that case was decided before statutory provisions requiring a filing with the Division of Alcoholic Beverages was enacted. These provisions were enacted in 1981 and are now set forth in section 561.65(4)-(6), Florida Statutes (1987). The provisions include the steps to perfect a security interest in a license, how the lien is to be foreclosed, and a procedure for foreclosure sale, including the establishment of lien priorities. The statute reads as follows:
(4) In order to perfect a lien or security interest in a spirituous alcoholic beverage license which may be enforceable against the license, the party which holds the lien or security interest, within 90 days of the date of creation of the lien or security interest, shall record the same with the division on or with forms authorized by the division, which forms shall require the names of the parties and the terms of the obligation. The division, upon request and at no more than actual cost, shall provide copies of all recorded liens or security interests against a spirituous beverage license.
(5) Any foreclosure of a perfected lien in a beverage license shall be in the circuit court in the county in which the beverage license is issued, and the division shall be joined as an indispensable party. All holders of liens senior to the lien being foreclosed shall be joined and deemed necessary parties to the foreclosure.
(6) Upon a judgment of foreclosure and after written notice to each distributor of alcoholic beverages who has filed a claim in the foreclosure, the clerk of the circuit court shall sell the license at public auction, pursuant to chapter 45, to the highest and best bidder, who shall pay the amount bid by a cashier's check within 24 hours of the time of sale. The proceeds from the sale of such license, after deducting the expenses of the sale, shall be paid, first, to the lienholder or lienholders in the order of date of filing and, second, to creditors who have paid or by law are obligated to pay federal or *1041 state excise taxes on purchases by the licensee; and the balance shall be paid as directed in the judgment of foreclosure.
In re Seville Entertainment Complex, Inc., 79 B.R. 491 (Bankr.N.D.Fla. 1987), explained that the situation had changed since Coed Shop was decided. In Seville, the secured party had filed the necessary documents with the secretary of state under the Uniform Commercial Code to protect its security interest in an alcoholic beverage license. However, the secured party failed to file that security interest with the Division of Alcoholic Beverages in accordance with the provisions of section 561.65(4), Florida Statutes. The court in Seville noted that section 561.65(4), Florida Statutes, was clear and unambiguous, stating:
In order to perfect a lien in a liquor license which is enforceable against the license, a lienholder must file the appropriate forms with the Division of Alcoholic Beverages. The penalty for failure to do so is that the lien is unenforceable against the license... . To hold otherwise would be to completely disregard Section 561.65 of the Florida Statutes.
79 B.R. at 492. The Internal Revenue Service argues that Seville requires a dual filing. We reject that argument because the question resolved by that court was whether filing was necessary with the Division of Alcoholic Beverages, not whether duplicate filing was essential to perfect a security interest.
We emphasize that a liquor license is not like other "general intangibles" because it is issued as a matter of privilege, not as a matter of right, by the government, and the government has total control of its use. Section 561.65(4)-(6) specifically provides that: (1) a filing with the Division of Alcoholic Beverages be made within ninety days of the date of creation of the lien; (2) it be filed with the Division on appropriate forms; (3) any foreclosure shall be in the circuit court in the county in which the beverage license is issued; and (4) the procedure for a foreclosure sale and the order of priority for the payment of the proceeds to lienholders, creditors, etc. This last provision gives priority to creditors who have paid taxes on goods sold to license holders.
In our view, it was not the legislature's intent to require a duplicate filing under the Uniform Commercial Code. If we were to so hold, it would require resolution of conflicts between the two statutes. We find this subsequent enactment of the legislature providing an express method to protect a security interest in a government-issued, regulated, and controlled liquor license was intended to provide the exclusive means of perfecting a lien on the license. Our holding in this regard is narrow, and we emphasize that it applies only to the liquor license itself.[1]
To hold that a duplicate filing is required, as sought by the Internal Revenue Service in this case, would not provide increased protection to creditors; it would merely require secured creditors to jump through another procedural hoop. We find no reason for such a procedural hoop, and such a construction would result in unnecessary confusion regarding the status of a secured lien and creditors' claims against a liquor license.
The certified question having been answered in the affirmative, we return the cause to the United States Court of Appeals for the Eleventh Circuit for further proceedings.
It is so ordered.
SHAW, C.J., and McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] This statute was never intended to apply to real estate, leases, goods, furniture, furnishings, equipment, good will, or other items that would be included as collateral for a security interest in a liquor business.