964 F.2d 1081
 70 A.F.T.R.2d 92-5264, 17 UCC Rep.Serv.2d 1295
 Kenneth R. McGURN, et ux, Plaintiff-Appellee, Cross-Appellant,
v.
WHISKEY CREEK, INC., United States of America, Harrison R.
Glidden, State of Florida, Dept. of Business Regulation,
Division of Alcoholic Beverages and Tobacco, etc., et al.,
Defendants-Appellants, Cross-Appellees.
 No. 89-4015.
 United States Court of Appeals,
Eleventh Circuit.
 July 1, 1992.
 
 Gary R. Allen, Chief, Kenneth W. Rosenberg, David English Carmack, Appellate Section, Tax Div., Dept. of Justice, Washington, D.C., for defendants-appellants, cross-appellees.
 Linda C. McGurn, Gainesville, Fla., for plaintiff-appellee, cross-appellant.
 Appeals from the United States District Court for the Northern District of Florida, Maurice Mitchell Paul, Judge.
 Before HATCHETT and DUBINA, Circuit Judges, and HILL, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 In McGurn v. Whiskey Creek, Inc., 924 F.2d 998 (11th Cir.1991), this court certified the following question to the Florida Supreme Court:
 
 
 2
 Whether the recording of a security interest with the Florida Division of Alcoholic Beverages and Tobacco pursuant to § 561.65, Fla.Stat. is sufficient under Florida law to perfect that interest against a subsequent judgment lien.
 
 
 3
 The Florida Supreme Court responded to our inquiry in United States of America v. McGurn, 596 So.2d 1038 (Fla.1992), holding that recording of a security interest in a liquor license with the Florida Division of Alcoholic Beverages and Tobacco is necessary and sufficient under Florida law to perfect that interest against a subsequent judgment lien. Thus, the undisputed facts reveal that the McGurns had a perfected security interest in the liquor license at the time the United States filed notice of its tax lien. Therefore, the McGurns' security interest in the liquor license takes priority over the United States's tax lien. See 26 U.S.C. § 6323(a) and (h)(1).
 
 
 4
 The district court also entered partial summary judgment for the McGurns, holding that their landlord's lien took priority over the federal tax lien. The parties agree, however, that the landlord's lien was inchoate at the time the federal tax lien attached, and that therefore, the district court erred in entering summary judgment for the McGurns on this issue.
 
 
 5
 Accordingly, we reverse the district court's entry of partial summary judgment on both issues presented and remand the case to the district court for further proceedings consistent with the determinations of this court and the Florida Supreme Court.
 
 
 6
 REVERSED and REMANDED.