771 So.2d 1276 (2000)
Shlomo DERY and Bela Dery, Appellants,
v.
OCCHIUZZO AND OCCHIUZZO ENTERPRISES, INC., and Kelman Holdings Corporation, Appellees.
No. 4D99-3256.
District Court of Appeal of Florida, Fourth District.
November 29, 2000.
*1277 Henry A. Goodman of Goodman, Shapiro & DeBear, L.L.C., Dedham, Massachusetts, for appellants.
No brief filed for appellees.
POLEN, J.
Shlomo Dery and Bela Dery ("appellants") appeal from an order granting the motion of Kelman Holding Corporation ("Kelman") for summary judgment, and denying their motion for summary judgment, wherein the trial court found that Kelman's lien on a liquor license was superior to theirs. We have jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv). Among the many issues raised on appeal, appellants argue that Kelman's lien could not have been superior to theirs because it was not timely filed with the Division of Alcoholic Beverages and Tobacco ("DABT"). We agree and thus, reverse.
Dennis Occhiuzzo ("Occhiuzzo") and Occhiuzzo Enterprises, Inc. ("Enterprises") engaged in the restaurant and lounge business. Occhiuzzo and Enterprises held a liquor license from the State for use in Broward County. In May of 1996, Occhiuzzo sold to appellants his capital stock and that held by Enterprises, which operated a restaurant and bar called Montego Bay.
The sale to appellants was an installment sale with two promissory notes, secured by the liquor license and other interests as well. The license was pledged to secure the notes in a security agreement in favor of Occhiuzzo. The security agreement between the parties was filed with the Florida Secretary of State on September 25, 1996.
After the May 9, 1996 closing of this transaction, appellants claim they newly discovered that in order to record a lien on a liquor license in Florida, one must file a particular form with DABT. Bela Dery obtained and signed the form as new president of Enterprise, and then submitted the form for recording with DABT. However, DABT rejected the form because it was filed too late.
Later, appellants purported to sell the stock of Enterprises to Michael Toomey by installment sale. For the sale price, Enterprises, now owned by Toomey, executed a $43,102.20 promissory note to appellants, secured by a purchase money security agreement purporting to lien the same liquor license previously pledged to secure payment of the promissory notes from Enterprises to Occhiuzzo. The promissory notes of Enterprises to Occhiuzzo and from Toomey Enterprises to appellants then went into default.
In July of 1997, Occhiuzzo assigned his right, title and interest to the Enterprises *1278 and Occhiuzzo notes and security agreement to Kelman. Occhiuzzo and Kelman entered into an assignment and assumption agreement whereby Occhiuzzo assigned to Kelman the promissory note from Enterprises as payor to Occhiuzzo as payee, together with all rights under the security agreement securing the note. Enterprises defaulted on the promissory note by failing to make installment payments due.
In 1997, appellants filed suit to collect on the debt and foreclose the security agreement. They alleged that they, as prior owners of the defendant Enterprises, sold their shares in the corporation to a third party (Toomey) for cash and a note from the corporate defendant Occhiuzzo, secured by a security agreement, filed with DABT, encumbering the subject liquor license, and that on December 23, 1996, the defendant Occhiuzzo executed and delivered to them the subject mortgage note in the amount of $43,102.00. They alleged that the note and security agreement they held were in default and that Enterprises had failed to make payment. They sued for the amount due on the promissory note and for the trial court to declare their lien superior to that of other named defendants.
Kelman was subsequently permitted to intervene in the lawsuit on the grounds that the subject promissory notes had been assigned to it on or about July 23, 1997, that they were in default, and that it sought to foreclose its security interest in the same tangible and intangible property, including the subject liquor license, which appellants sought to foreclose. It then moved for partial summary judgment determining lien priority. In this motion, it alleged that appellants had intentionally delayed signing the necessary state form for recording a lien on the subject liquor license, and submitted it to DABT too late.
Appellants then filed a motion for final summary judgment. They alleged, via an attached affidavit, that Bela Dery's attorney did not give her the necessary form to perfect the lien on the liquor license, thereafter assigned to Kelman, until after the ninety-day period for filing such a form had expired. They also alleged that they had agreed with Occhiuzzo that any security interest he would hold in the liquor license would last only one year. The case then proceeded to a hearing on the opposing motions for summary judgment.
At the conclusion of the hearing, the trial court found that the earlier lien securing Enterprises to Occiuzzo's notes had priority over the later filed lien securing Enteprises to appellants' note because Occhiuzzo had filed the financing statement in good faith with the Secretary of State. It also found that appellants had unclean hands because they filed their lien with DABT even though they knew of the previously filed lien with the Secretary of State. The court granted Kelman's motion for summary judgment and denied appellants' motion. This timely appeal followed.
Appellants argue that Kelman's lien on the liquor license could not have been superior to theirs because it was not perfected. We agree. According to section 561.65(4), Florida Statutes (1997), a lien in a liquor license is perfected by filing the necessary documents with DABT within ninety days of the creation of the lien. § 561.65(4), Fla. Stat. (1997). The lien is unenforceable against the license absent compliance with this section. In re Seville Entertainment Complex of Pensacola, Inc., 79 B.R. 491, 492 (Bankr.N.D.Fla. 1987). In this case, the record shows appellants' lien in the liquor license was timely filed with DABT, but not Kelman's. Because Kelman's lien was not perfected, we hold the trial court erred by finding it superior to that of appellants. See United States v. McGurn, 596 So.2d 1038 (Fla.1992)(holding the recording of a security interest with DABT pursuant to section 561.65(4) was sufficient under Florida law to perfect a security interest in a liquor license).
*1279 We also hold that the trial court erred by entering summary judgment based on unclean hands because this issue requires the resolution of disputed facts. See Moore v. Morris, 475 So.2d 666 (Fla.1985).
Finally, we hold that we have no jurisdiction to hear appellants' appeal from the order denying its motion for summary judgment. See National Assurance Underwriters, Inc. v. Kelley, 702 So.2d 614, 615 (Fla. 4th DCA 1997).
REVERSED and REMANDED for further proceedings consistent with this opinion.
DELL and KLEIN, JJ., concur.