IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

VMI ENTERTAINMENT, LLC, a
Florida limited liability company,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

    Appellant,

v.

CASE NO. 1D13-5111

WESTWOOD PLAZA, LLC; GM
ENTERTAINMENT, LLC; MURAT
DATIEV; and ALLA MAZE,

    Appellees.

_____/

Opinion filed September 23, 2014.

An appeal from the Circuit Court for Leon County.
Terry P. Lewis, Judge.

Louis J. Terminello of Terminello & Terminello, P.A., Miami, for Appellant.

J. Layne Smith, General Counsel, and Andrew Rubin Fier, Assistant General Counsel, Department of Business and Professional Regulation, Tallahassee, Amicus Curiae in support of Appellant VMI Entertainment, LLC.

William H. Crawford of Thompson, Crawford & Smiley, Tallahassee, for Appellee Westwood Plaza, LLC.

RAY, J.

    VMI Entertainment, LLC, appeals from an order denying a motion to dissolve a writ of attachment entered in favor of Westwood Plaza, LLC. VMI raises two issues, only one of which merits discussion. VMI claims that the circuit court erred in granting a writ of attachment against its alcoholic beverage license.

We agree and reverse the order refusing to dissolve this aspect of the writ of attachment. In all other respects, we affirm.

Westwood Plaza leased commercial property to VMI. VMI defaulted on the lease and, as a result, became indebted to Westwood Plaza in the amount of $53,626.05. Westwood Plaza then obtained an ex parte writ of attachment commanding each sheriff of the state to "take into custody so much of the lands, tenements, goods, and chattels" belonging to VMI as is required to satisfy the sum of $53,626.05, and costs. The writ specifically states that this command applies to VMI's alcoholic beverage license.

A writ of attachment "serves as a lien upon property which may be the subject of execution upon a later-obtained judgment." Cerna v. Swiss Bank Corp., 503 So. 2d 129, 129 (Fla. 3d DCA 1987). The right to attachment and the parameters of a creditor's ability to secure his or her claims against an alcoholic beverage license are both established by statutes. Ch. 76, Fla. Stat. (2013); § 561.65(4), Fla. Stat. (2013). Therefore, whether an alcoholic beverage license may be the subject of a writ of attachment is a question of statutory construction. We review such questions de novo. Waste Mgmt., Inc. v. Mora, 940 So. 2d 1105, 1107 (Fla. 2006).

Section 76.01, Florida Statutes (2013), provides that "[a]ny creditor may have an attachment at law against the goods and chattels, lands, and tenements of

2

his or her debtor under the circumstances and in the manner hereinafter provided." Although it is clear that an alcoholic beverage license is not land or a tenement, it is not entirely clear that such a license does not fall under the category of "goods and chattels." The Florida Supreme Court has determined that an alcoholic beverage license is a "general intangible," which is conferred on the holder by the state for the privilege of selling alcoholic beverages. Walling Enters., Inc. v. Mathias, 636 So. 2d 1294, 1296-97 (Fla. 1994). While the term "goods and chattels" occasionally refers to tangible personal property only, the term is typically used in a loose sense to refer to "personal property of any kind." Black's Law Dictionary 702 (7th ed. 1999). Therefore, the plain language of section 76.01 does not answer the question presented in this appeal.

We need not delve further into the meaning of "goods and chattels," because section 561.65(4), Florida Statutes (2013), which is more specific to alcoholic beverage licenses, precludes attachment of such a license, even if section 76.01 ordinarily applies to general intangibles. Section 561.65(4) prescribes the manner in which a lien or security interest in a "spirituous alcoholic beverage license" may be enforceable against the license. This procedure requires the recording of a lien or security interest with the Division of Alcoholic Beverages and Tobacco on forms authorized by the Division within ninety days of the creation of such an interest. § 561.65(4). The Florida Supreme Court has held that this statute provides

the exclusive means of perfecting a lien on an alcoholic beverage license. United States v. McGurn, 596 So. 2d 1038, 1041 (Fla. 1992). Therefore, chapter 76, which does not mention alcoholic beverage licenses, cannot provide an alternative means of perfecting a lien through a writ of attachment. See also Murray v. Mariner Health & Ace USA, 994 So. 2d 1051, 1061 (Fla. 2008) (recognizing that a specific statute controls over a general one).

The Division, which has filed an amicus brief in this appeal, opines that a writ of attachment cannot satisfy the requirements of section 561.65(4) and relies on this statute to oppose the order under review. Given the deference due to the Division on this subject, we find that its position bolsters our analysis. See Level 3 Commc'ns, LLC v. Jacobs, 841 So. 2d 447, 450 (Fla. 2003) ("An agency's interpretation of the statute it is charged with enforcing is entitled to great deference.").

For the foregoing reasons, we hold that an alcoholic beverage license is not subject to attachment under chapter 76. Accordingly, we reverse the order denying VMI's motion to dissolve the writ to the extent it encompasses VMI's alcoholic beverage license and remand for entry of an order consistent with this opinion. Otherwise, we affirm.

AFFIRMED in part; REVERSED in part; and REMANDED.

WOLF and PADOVANO, JJ., CONCUR.